UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>            Plaintiff,<br><br>      v.<br><br>NATIONAL SECURITY AGENCY, THE CENTRAL INTELLIGENCE AGENCY, THE DEFENSE INTELLIGENCE AGENCY, AND THE DEPARTMENT OF DEFENSE,<br><br>            Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 |

COMPLAINT - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1      Plaintiff Michelle J. Kinnucan, an individual ("Ms. Kinnucan"), respectfully submits this
Complaint for declaratory and injunctive relief finding that Defendants National Security Agency
("NSA"), Central Intelligence Agency ("CIA"), Defense Intelligence Agency ("DIA"), and
Department of Defense ("DOD") have violated their legal obligations under the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and ordering them to promptly comply with
those obligations.

## I.  INTRODUCTION

1.     Beginning in February 2019, Ms. Kinnucan filed multiple FOIA requests with the NSA, CIA, and DIA seeking the release of unredacted documents concerning the June 8, 1967 attack on the U.S.S. *Liberty* (AGTR-5) by Israeli air and naval forces.

2.     Although some of the Defendants have acknowledged receipt of those requests, all have utterly failed to produce a single document—or the reason for such withholding—as required by law.

3.     But "disclosure, not secrecy, is the dominant objective" of the Freedom of Information Act, *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted), and the Act "focuses on the citizens' right to be informed about 'what their government is up to.'" *D.O.J. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).

4.     Through her FOIA Requests, Ms. Kinnucan seeks information on a matter of public concern:  whether a U.S. ally knowingly attacked a U.S. vessel, killed 34 U.S. servicemembers, and wounded 173 more.  As a researcher, journalist, and honorary member of the U.S.S. *Liberty* Veterans Association, Plaintiff intends to use that information to continue raising awareness about the deceased and surviving victims and pressing for a comprehensive Congressional investigation into the attack.

5.     Plaintiff Kinnucan's previous work on this subject resulted in The American Legion's 2017 adoption of Resolution 40, which she wrote and is memorialized in US House of Representatives Document 115-91, at pp. 124-25.  *See* https://www.govinfo.gov/app/details/CDOC-115hdoc91/CDOC-115hdoc91; *see also*

COMPLAINT - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

https://www.seattleweekly.com/news/a-seattleite-is-fighting-for-justice-for-the-uss-liberty-but-not-without-some-controversy/.

6. Therefore, because Defendants have neglected their duties under federal law, Ms. Kinnucan now requests that this Court order them to promptly comply, enjoin them from further inattention, and reimburse her legal fees and costs incurred as a result.

## II.  PARTIES

7. Plaintiff Kinnucan is a Washington resident who currently resides in Seattle.

8. Defendant NSA is a federal agency within the meaning of 5 U.S.C. § 552(f) and component of Defendant DOD, tasked with gathering, processing, and analyzing information and data collected through electronic means.  Ms. Kinnucan is informed and believes that the NSA has possession and control of the records sought by the pertinent requests.

9. Defendant CIA is a federal agency within the meaning of 5 U.S.C. § 552(f), tasked with gathering, processing, and analyzing national security information from around the world.  Ms. Kinnucan is informed and believes that the CIA has possession and control of the records sought by the pertinent requests.

10. Defendant DIA is a federal agency within the meaning of 5 U.S.C. § 552(f) and component of Defendant DOD, tasked with gathering, processing, and analyzing military-related information from around the world.  Ms. Kinnucan is informed and believes that the DIA has possession and control of the records sought by the pertinent requests.

11. Defendant DOD is a department of the federal government tasked with coordinating and overseeing all national security and military action for the United States.  Ms. Kinnucan is informed and believes that the DOD has possession and control of the records sought by the pertinent requests by virtue of its control over Defendants NSA and DIA.

## III.  JURISDICTION

12. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

COMPLAINT - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. VENUE

13. Venue lies properly in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Ms. Kinnucan resides in this judicial district. Furthermore, venue is proper under 28 U.S.C. § 1391 because her requests and communications were initiated by her from Seattle, Washington, and therefore, a substantial part of the events giving rise to the claim occurred in this judicial district.

## V. FACTS

### The U.S.S. *Liberty* Incident

14. On June 8, 1967, the U.S.S. *Liberty* was attacked by Israeli air and naval forces while operating in support of the NSA in international waters. The attack left 34 U.S. service members dead and 173 wounded.

15. The American and Israeli governments have long maintained that the *Liberty* was attacked during the Six-Day War because she was mistaken for an Egyptian ship. However, the ship's crew and captain—as well as several government officials, scholars, and journalists—dispute the stance adopted by the Johnson Administration. *See, e.g.*, James Scott, *The Spy Ship Left Out in the Cold*, Naval History Magazine, vol. 31, no. 3 (June 2017) at 28-35, available at https://www.usni.org/magazines/naval-history-magazine/2017/june/spy-ship-left-out-cold; Mark A. Stroh, *Attack on the USS Liberty: A Stab at the Truth*, U.S. Army War College (April 2009), available at https://apps.dtic.mil/dtic/tr/fulltext/u2/a499280.pdf; Walter L. Jacobsen, *A Juridical Examination of the Israeli Attack on the USS Liberty*, 36 Naval Law Review 69 (Winter 1986).

16. Although some reports have been released regarding the 50-year-old incident, all volumes of "A Report to the Committee on Appropriations - U.S. House of Representatives on the Effectiveness of the Worldwide Communications Systems and Networks of the DoD, U.S.S. *Liberty* Incident" of December 1967 (the "HAC Report") and other reporting have inexplicably been withheld.

### NSA FOIA Requests

17. On February 18, 2019, Ms. Kinnucan filed a FOIA request with Defendant NSA seeking HAC Report "pages 48-50 of volume I and pages 75-76 of volume II only." *See* **Exhibit A**.

COMPLAINT - 4

18. On March 5, NSA confirmed receipt of the request, assigned Ms. Kinnucan case number 106371, and requested clarification as to the scope. *See id*.

19. The next day, Ms. Kinnucan responded to NSA's question by amending her request to include both Volume I and II of the HAC Report. *See id*.

20. Although NSA responded on March 7 to inform Ms. Kinnucan that she would "be hearing from [NSA] soon regarding the status of [her] request," *see id.*, and provided an acknowledgment on March 18 indicating the requested documents had been located and were being withheld pending "review prior to release," *see id*., Defendant NSA has never responded to the 14 follow up requests for information regarding case number 106371, produced responsive documents, or provided a reason for any withholding. *See id*.

21. On June 17, 2020, Ms. Kinnucan sent a second, separate FOIA request to NSA, seeking:

> The Encrypted Traffic Reports … of the USS Little Rock (CLG-4) for the months of May, June, and July of 1967 and/or any analyses or reports that may aggregate or summarize the data/information contained in those reports; and
>
> Any records pertaining to any attack(s) upon, theft, destruction, disappearance, etc. of U.S. "crypto-equipment" and/or the thirteen "U.S. facilities" housing them during the Six-Day War in 1967 … *See* **Exhibit B**.

22. Although Defendant NSA again acknowledged receipt and assigned the request case number 109763, *see id*., it has not responded to follow up inquiries, produced responsive documents, or provided a reason for any withholding.

## CIA FOIA Requests

23. On May 31, 2020, Ms. Kinnucan requested copies of various unredacted reports involving the same incident from the CIA. *See* **Exhibit C**.

24. On June 3, Defendant CIA also acknowledged Ms. Kinnucan's request and assigned reference number F-2020-01511. *See id*.

25. On June 17, Ms. Kinnucan submitted follow up clarifications and amendments to her earlier request. *See id*.

26. Since that first acknowledgment, Defendant CIA has never responded to any follow up requests, produced responsive documents, or provided a reason for any withholding.

COMPLAINT - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**DIA FOIA Request**

27.   On June 17, 2020, Ms. Kinnucan submitted a FOIA request to Defendant DIA for "[a]ll communications and message traffic to or from the Office of Defense Attaché in Israel from June 5, 1967 to June 10, 1967." *See* **Exhibit D**.

28.   DIA has never responded to acknowledge that request, produced responsive documents, or provided a reason for any withholding. *See id*.

### VI.   FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act (FOIA)

### For Failure to Disclose Responsive Records

29.   Plaintiff Kinnucan alleges and incorporates as set forth fully herein each and every allegation contained in the above paragraphs.

30.   Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to Ms. Kinnucan's FOIA requests, which reasonably described the records sought as detailed above that.  Refusal to provide this information is unlawful.

31.   Defendants have violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to the FOIA request detailed above.  Refusal to timely respond to the request is unlawful.

32.   Injunctive relief is authorized under 5 U.S.C. §552(a)(4)(B) because Defendants continue to refuse to respond and improperly withholds the requested material, and do so as a matter of policy or practice, in violation of the FOIA.  Ms. Kinnucan has suffered injury and will continue to suffer injury from Defendants' illegal refusal to respond and provide records.

33.   Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding Defendants' failure to respond and improper withholding of the records in violation of the FOIA.  An actual controversy exists because Ms. Kinnucan contends that Defendants' continuing failure to respond and to release the records violates the law.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kinnucan requests the Court award the following relief:

A.   Declare that Defendants' failure to disclose responsive records violates the FOIA;

COMPLAINT - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

B. Declare unlawful and enjoin Defendants' practice of failing to comply with their required duties upon receipt of a properly submitted request under the FOIA;

C. Order Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, to conduct a prompt, reasonable search for records responsive to Ms. Kinnucan's FOIA requests, without imposing search or duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A);

D. Enjoin Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, from withholding records responsive to Ms. Kinnucan's FOIA requests and order them to promptly produce the same;

E. Award Ms. Kinnucan reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

F. Grant all other such relief to Ms. Kinnucan as the Court deems just and equitable.

DATED: September 1, 2020

Respectfully submitted,

Davis Wright Tremaine LLP

By s/ *Caesar Kalinowski IV*
Caesar Kalinowski IV, WSBA #52650

s/ *Allexia Arnold*
Allexia Arnold, WSBA #54902
920 5th Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: caesarkalinowski@dwt.com
allexiaarnold@dwt.com

Thomas R. Burke*
505 Montgomery Street, Suite 800
San Francisco, CA  94111-6533
Telephone: (415) 276-6500
Fax: (415) 276-6599
E-mail: thomasburke@dwt.com

Attorneys for Plaintiff Michelle J. Kinnucan

*pro hac vice application forthcoming*

COMPLAINT - 7