UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL SECURITY AGENCY;<br>CENTRAL INTELLIGENCE AGENCY;<br>DEFENSE INTELLIGENCE AGENCY;<br>DEPARTMENT OF DEFENSE<br>　　　　　　　　Defendant. | Case No. 2:20-cv-1309 DWC<br><br>ANSWER TO PLANTIFF'S FOIA COMPLAINT |

COMES NOW, Defendant United States National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), Defense Intelligence Agency ("DIA"), and Department of Defense ("DOD"), (collectively "Federal Defendants") by and through Brian T. Moran, United States Attorney, Western District of Washington, and Katie D. Fairchild, Assistant United States Attorney for said District, and hereby answers Plaintiff's Complaint, Dkt. 1, as follows:

In response to the numbered paragraphs of the Complaint, Federal Defendants admit, deny, or otherwise answer as follows:

Initially, Plaintiffs include an unnumbered introductory paragraph setting forth Plaintiff's characterization of this action. While no response is to this characterization is required, to the extent that a response is deemed necessary, Federal Defendants admit that the action is brought

pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and that Plaintiff requested government records. The FOIA statute speaks for itself and Federal Defendants deny any characterization of FOIA inconsistent with the language of the statute.

## I. INTRODUCTION

1. The allegations in Paragraph 1 are Plaintiff's characterization of the FOIA requests at issue in this litigation. Federal Defendants answer that the FOIA requests speak for themselves and respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents. Federal Defendants deny any characterization inconsistent with the language of Plaintiff's FOIA requests.

2. To the extent that the allegations in Paragraph 2 purport to characterize a written communication from a Federal Defendant to Plaintiff, Federal Defendants answer that the contents of any written communication speak for themselves. The remaining allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

3. The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

4. Federal Defendants are without sufficient information to admit or deny Plaintiff's allegations in Paragraph 4 concerning her reasons for making FOIA requests or her personal background and therefore deny these allegations at this time. The remaining allegations in Paragraph 4 may be interpreted to consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

5. Federal Defendants are without sufficient information to admit or deny the allegations in

ANSWER
2:20-cv-1309 DWC
PAGE– 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Paragraph 5 and therefore deny these allegations at this time.

6. The allegations in Paragraph 6 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute. Federal Defendants further answer that Plaintiff is not entitled to the requested relief.

## II. PARTIES

7. Federal Defendants are without sufficient information to admit or deny the allegations in Paragraph 7 and therefore deny these allegations at this time.

8. NSA admits that it is an agency within the United States government subject to FOIA. To the extent that the allegations of Paragraph 8 consist of conclusions of law or a characterization of Plaintiff's FOIA request, no further response is required. To the extent that a further response is deemed necessary, NSA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute and that Plaintiff's FOIA request speaks for itself.

9. CIA admits that it is an agency within the United States government subject to FOIA. To the extent that the allegations of Paragraph 9 consist of conclusions of law or a characterization of Plaintiff's FOIA request, no further response is required. To the extent that a further response is deemed necessary, CIA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute and that Plaintiff's FOIA request speaks for itself.

10. DIA admits that it is an agency within the United States government subject to FOIA. To the extent that the allegations of Paragraph 10 consist of conclusions of law or a characterization of Plaintiff's FOIA request, no further response is required. To the extent that a further response is deemed necessary, DIA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute and that Plaintiff's FOIA request speaks for itself.

ANSWER
2:20-cv-1309 DWC
PAGE– 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. DOD admits that it is an agency within the United States government subject to FOIA. To the extent that the allegations of Paragraph 11 consist of conclusions of law or a characterization of Plaintiff's FOIA request, no further response is required. To the extent that a further response is deemed necessary, DOD states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute and that Plaintiff's FOIA request speaks for itself.

### III. JURISDICTION

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the cited authority speaks for itself, and puts Plaintiff to its proof.

### IV. VENUE

13. Paragraph 13 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the cited authority speaks for itself, and puts Plaintiff to its proof.

### V. FACTS

#### The U.S.S. *Liberty* Incident

14. The allegations in Paragraph 14 sets forth Plaintiff's description of historical events to which no response is required. These allegations are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

15. The allegations in Paragraph 15 sets forth Plaintiff's description of historical events to which no response is required. These allegations are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute. To the extent that the allegations in Paragraph 15 cite or reference written materials, Federal

ANSWER
2:20-cv-1309 DWC
PAGE– 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendants further respond that those materials speak for themselves.

16. Federal Defendants admit that some reports regarding the U.S.S. *Liberty* incident identified in Plaintiff's Complaint previously have been released. In response to any remaining allegations in Paragraph 16, Federal Defendants deny Plaintiff's characterization and remaining allegations unless specifically admitted herein.

### NSA FOIA Requests

17. NSA admits that Plaintiff submitted a FOIA request to NSA dated February 18, 2019 (the "First NSA Request"). NSA respectfully refers the Court to the First NSA Request, attached as Exhibit 1, for a complete and accurate statement of its contents.

18. NSA admits that it acknowledged receipt of the First NSA Request on March 5, 2019 and assigned it case number 106371. To the extent that the allegations in Paragraph 18 purport to characterize a communication from NSA to Plaintiff, NSA respectfully refers the Court to its March 5, 2019 response, attached as Exhibit 2, for a complete and accurate statement of its contents.

19. NSA admits that Plaintiff amended the First NSA Request on March 6, 2019. To the extent that the allegations in Paragraph 19 purport to characterize a communication between Plaintiff and NSA, NSA respectfully refers the Court to the March 6, 2019 amendment request, attached as Exhibit 3, for a complete and accurate statement of its contents.

20. NSA admits that it sent correspondence to Plaintiff on March 7, 2019 and March 14, 2019 regarding the First NSA Request. NSA further admits that the March 14, 2019 letter was the last correspondence NSA provided to Plaintiff regarding the First NSA Request. To the extent that the allegations in Paragraph 20 purport to characterize communications between NSA and Plaintiff, NSA responds that those communications speak for themselves and respectfully refers the Court to its March 7, 2019 correspondence, attached as Exhibit 3, and its March 18, 2019 correspondence, attached as Exhibit 4, for complete and accurate statements of their contents. The remaining allegations in Paragraph 20 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NSA states that the

FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

21. NSA admits that Plaintiff submitted a second FOIA request to NSA dated June 17, 2020 (the "Second NSA Request"). NSA respectfully refers the Court to the Second NSA Request, attached as Exhibit 5, for a complete and accurate statement of its contents.

22. NSA admits that it acknowledged receipt of the Second NSA Request in a letter dated June 19, 2020 and assigned it case number 109763. NSA further admits that the acknowledgement was the last correspondence NSA provided to Plaintiff regarding the Second NSA Request. To the extent that the allegations in Paragraph 22 purport to characterize a communication from NSA to Plaintiff, NSA respectfully refers the Court to its response, attached as Exhibit 6, for a complete and accurate statement of its contents. The remaining allegations in Paragraph 22 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NSA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### CIA FOIA Requests

23. CIA admits that Plaintiff submitted a FOIA request to CIA dated May 31, 2020 (the "CIA Request"). CIA respectfully refers the Court to the CIA Request, attached as Exhibit 7, for a complete and accurate statement of its contents.

24. CIA admits that it acknowledged receipt of the CIA Request on June 3, 2020 and assigned it number F-2020-01511. To the extent that the allegations in Paragraph 24 purport to characterize a communication from CIA to Plaintiff, CIA respectfully refers the Court to its June 3, 2020 response, attached as Exhibit 8, for a complete and accurate statement of its contents.

25. In response to the allegations in Paragraph 25, which allege that on June 17, 2020, Plaintiff submitted "follow up clarifications and amendments" to the CIA Request, and refer to Exhibit C in Plaintiff's Complaint, CIA answers that, following a reasonable search, it has not located a June 17, 2020 communication from Plaintiff. CIA further responds that, following a reasonable search, it has not located correspondence from Plaintiff depicted in Exhibit C, which

ANSWER
2:20-cv-1309 DWC
PAGE– 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appears to be dated July 1, 2020 rather than June 17, 2020.

26. CIA admits that the June 3, 2020 acknowledgement attached as Exhibit 8 was the last correspondence CIA provided to Plaintiff regarding the CIA Request and further answers that following a reasonable search CIA has not located any record of receiving Plaintiff's "follow up requests" as alleged in the Complaint. The remaining allegations in Paragraph 26 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, CIA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### DIA FOIA Request

27. DIA admits that Plaintiff submitted a FOIA request to CIA dated June 17, 2020 (the "DIA Request"), which DIA received on September 14, 2020. DIA respectfully refers the Court to the DIA Request, attached as Exhibit 9, for a complete and accurate statement of its contents.

28. The allegations in Paragraph 28 consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, DIA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### VI. FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act (FOIA)

### For Failure to Disclose Responsive Records

29. Paragraph 29 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent a response is required, Federal Defendants reassert their response to all preceding paragraphs.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

ANSWER
2:20-cv-1309 DWC
PAGE– 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Federal Defendants state that the FOIA statute speaks for itself and deny any characterization of FOIA inconsistent with the language of the statute.

## VII. PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint sets for Plaintiff's prayer for relief, to which no response is required. To the extent that a response may be deemed necessary, Federal Defendants states that Plaintiff is not entitled to the requested relief.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) Federal Defendants deny all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

## DEFENSES

1. As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

2. As to some or all of the claims asserted in this action, Plaintiff has failed to exhaust administrative remedies as required by FOIA.

3. Some or all of the records and requested information in Plaintiff's FOIA requests are exempt, or otherwise excluded, in whole or in part under the FOIA. *See* 5 U.S.C. § 552(b).

4. The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief

authorized by the FOIA.

5. Federal Defendants have exercised due diligence in processing plaintiffs' FOIA request and exceptional circumstances exist that necessitate additional time for the Defendant to complete their processing of the FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

6. Plaintiff has not established a right to attorney's fees.

7. To the extent that the Complaint refers to or quotes from external documents or other sources, Federal Defendants' Answer may refer to these materials; however Federal Defendants' references are not intended to be, nor should they be construed to be, and admission that the materials cited in Plaintiff's Complaint are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this or any other action; or (c) admissible in this, or any other action.

8. Federal Defendants assert that they have, or may have, additional affirmative defenses which are not known to Federal Defendants at this time, but which may be ascertained during litigation. Federal Defendants specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12 reserve the right to amend, supplement, and assert additional affirmative defenses.

DATED this 8th day of October, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Katie D. Fairchild*
KATIE D. FAIRCHILD, WSBA #47712
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4358
Fax: 206-553-4067
Email: katie.fairchild@usdoj.gov

*Attorney for Federal Defendants*

ANSWER
2:20-cv-1309 DWC
PAGE– 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970