The Honorable Masha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITY AGENCY, THE CENTRAL INTELLIGENCE AGENCY, THE DEFENSE INTELLIGENCE AGENCY, AND THE DEPARTMENT OF DEFENSE,<br><br>    Defendants. | Case No. 2:20-cv-1309 MJP<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 |

FIRST AMENDED COMPLAINT - 1

Plaintiff Michelle J. Kinnucan, an individual ("Ms. Kinnucan"), respectfully submits this First Amended Complaint for declaratory and injunctive relief finding that Defendants National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), Defense Intelligence Agency ("DIA"), and Department of Defense ("DOD") have violated their legal obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and ordering them to promptly comply with those obligations.

## I. INTRODUCTION

1. Beginning in February 2019, Ms. Kinnucan filed multiple FOIA requests with the NSA, CIA, and DIA seeking the release of unredacted documents concerning the June 8, 1967 attack on the U.S.S. *Liberty* (AGTR-5) by Israeli air and naval forces.

2. Although some Defendants acknowledged receipt of those requests before this lawsuit was first filed, all failed to produce documents or a substantive response—as required by law—until after Ms. Kinnucan retained counsel and brought suit.

3. But "disclosure, not secrecy, is the dominant objective" of the Freedom of Information Act (the "Act"), *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted), which "focuses on the citizens' right to be informed about 'what their government is up to,'" *D.O.J. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).

4. Now, even where Defendants have provided redacted documents or refusals, those submissions still fall far short of the Act's explicit purpose, its statutory mandates, and well-established case law.

5. Through her FOIA Requests, Ms. Kinnucan seeks information on a matter of public concern: whether a U.S. ally knowingly attacked a U.S. vessel, killed 34 U.S. servicemembers, and wounded 173 more. As a researcher, journalist, and honorary member of the U.S.S. *Liberty* Veterans Association, Plaintiff intends to use that information to continue raising awareness about the deceased and surviving victims and pressing for a comprehensive Congressional investigation into the attack.

FIRST AMENDED COMPLAINT - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

6. Ms. Kinnucan's previous work on this subject resulted in The American Legion's 2017 adoption of Resolution 40, which she wrote and is memorialized in US House of Representatives Document 115-91, at pp. 124-25. *See* https://www.govinfo.gov/app/details/CDOC-115hdoc91/CDOC-115hdoc91; *see also* https://www.seattleweekly.com/news/a-seattleite-is-fighting-for-justice-for-the-uss-liberty-but-not-without-some-controversy/.

7. Therefore, because Defendants have neglected their duties under federal law, Ms. Kinnucan now requests that this Court order them to promptly comply, enjoin them from further inattention or unnecessary redactions and withholdings, and reimburse her legal fees and costs incurred as a result.

## II. PARTIES

8. Plaintiff Kinnucan is a Washington resident who currently resides in Seattle.

9. Defendant NSA is a federal agency within the meaning of 5 U.S.C. § 552(f) and component of Defendant DOD, tasked with gathering, processing, and analyzing information and data collected through electronic means. Ms. Kinnucan is informed and believes that the NSA has possession and control of the records sought by the pertinent requests.

10. Defendant CIA is a federal agency within the meaning of 5 U.S.C. § 552(f), tasked with gathering, processing, and analyzing national security information from around the world. Ms. Kinnucan is informed and believes that the CIA has possession and control of the records sought by the pertinent requests.

11. Defendant DIA is a federal agency within the meaning of 5 U.S.C. § 552(f) and component of Defendant DOD, tasked with gathering, processing, and analyzing military-related information from around the world. Ms. Kinnucan is informed and believes that the DIA had possession and control of the records sought by the pertinent requests.

12. Defendant DOD is a department of the federal government tasked with coordinating and overseeing all national security and military action for the United States. Ms. Kinnucan is informed and believes that the DOD has or had possession and control of the records sought by the pertinent requests by virtue of its control over Defendants NSA and DIA.

FIRST AMENDED COMPLAINT - 3

### III.  JURISDICTION

13. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### IV.  VENUE

14. Venue lies properly in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Ms. Kinnucan resides in this judicial district.  Furthermore, venue is proper under 28 U.S.C. § 1391 because her requests and communications were initiated by her from Seattle, Washington, and therefore, a substantial part of the events giving rise to the claim occurred in this judicial district.

### V.  FACTS

**The U.S.S. *Liberty* Incident**

15. On June 8, 1967, the U.S.S. *Liberty* was attacked by Israeli air and naval forces while operating in support of the NSA in international waters.  The attack left 34 U.S. service members dead and 173 wounded.

16. A Naval Court of Inquiry (NCOI) into the attack was convened on June 10, 1967, and adjourned on June 16, 1967.  According to the Record of the Proceedings, the NCOI found that "[a]vailable evidence combines to indicate the attack on LIBERTY on 8 June was in fact a case of mistaken identity."[1]  However, DOD's public Summary of Proceedings in June 28, 1967 noted that the NCOI "had insufficient information before it to make a judgment on the reasons for the decision by Israeli aircraft and motor torpedo boats to attack ... It was not the responsibility of the Court to rule on the culpability of the attackers, and no evidence was heard from the attacking nation."[2]  Writing in 2005, the Navy's Office of the Judge Advocate General

---

[1]  US Navy, Office of the Judge Advocate General, *Record of Proceedings, Court of Inquiry to inquire into the circumstances surrounding the armed attack on USS LIBERTY (AGTR-5) on 8 June 1967* at 161.  The entire NCOI record for the *Liberty* attack is available at: https://www.jag.navy.mil/library/jagman_investigations.htm.  The page quoted is included in Part 6 at https://www.jag.navy.mil/library/investigations/LIBERTY%20ATTACK%20PT%206.pdf.

[2]  Office of Assistant Secretary of Defense (Public Affairs), *News Release No. 594-67*, June 28, 1967, US Naval History and Heritage Command, Archives Branch, Immediate Office Files of the Chief of Naval Operations: 1960-1969, Box 913.

FIRST AMENDED COMPLAINT - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  stated: "The Court of Inquiry was the only United States Government investigation into the
2  attack."[3]

3  17.    As further evidence of the disputed nature of the attack, the ship's crew and
4  captain—as well as several government officials, scholars, and journalists—have rejected the
5  mistaken identity claim. *See, e.g.*, James Scott, *The Spy Ship Left Out in the Cold*, Naval History
6  Magazine, vol. 31, no. 3 (June 2017) at 28-35, available at
7  https://www.usni.org/magazines/naval-history-magazine/2017/june/spy-ship-left-out-cold; Mark
8  A. Stroh, *Attack on the USS Liberty: A Stab at the Truth*, U.S. Army War College (April 2009),
9  available at https://apps.dtic.mil/dtic/tr/fulltext/u2/a499280.pdf; Walter L. Jacobsen, A *Juridical*
10 *Examination of the Israeli Attack on the USS Liberty*, 36 Naval Law Review 69 (Winter 1986).

11  18.    Although some reports have been released regarding the 50-year-old incident, all
12  volumes of "A Report to the Committee on Appropriations - U.S. House of Representatives on
13  the Effectiveness of the Worldwide Communications Systems and Networks of the DoD, U.S.S.
14  *Liberty* Incident" of December 1967 (the "HAC Report") and other reporting have inexplicably
15  been withheld.

**NSA FOIA Requests**

17  19.    On February 18, 2019, Ms. Kinnucan filed a FOIA request with Defendant NSA
18  seeking HAC Report "pages 48-50 of volume I and pages 75-76 of volume II only." *See* **Exhibit**
19  **A**.

20  20.    On March 5, NSA confirmed receipt of the request, assigned Ms. Kinnucan case
21  number 106371, and requested clarification as to the scope. *See id*.

22  21.    The next day, Ms. Kinnucan responded to NSA's question by amending her
23  request to include both Volume I and II of the HAC Report. *See id*.

24  22.    Although NSA responded on March 7 to inform Ms. Kinnucan that she would "be
25  hearing from [NSA] soon regarding the status of [her] request," *see id*., and provided an
26  acknowledgment on March 18 indicating the requested documents had been located and were

---

3  US Navy, *Letter from Jane G. Dalton, Captain, JAGC, U.S. Navy, to the Hon. Rob Simmons* (5890 Ser 15.151.A1/0198), March 16, 2005. Robert R. Simmons Papers. Archives and Special Collections, University of Connecticut Library, Storrs, CT.

FIRST AMENDED COMPLAINT - 5

1   being withheld pending "review prior to release," *see id.*, Defendant NSA then never responded

2   to the 14 follow up requests for information regarding case number 106371, produced responsive

3   documents, or provided a reason for any withholding before this suit was filed. *See id.*

4         23.    Over six months after this suit was filed, NSA provided Ms. Kinnucan with a

5   sworn declaration on April 21, 2021 denying her request. Despite the fact that the Reports are in

6   NSA possession after being transferred from Congress, NSA claims that they cannot be released

7   because they are not "agency records" subject to FOIA. *See* **Exhibit B** at 5 (asserting that

8   "Congress has expressed its clear intent to continue to exercise control over the report in

9   question. Therefore, it is my understanding that NSA has no authority to release the report [sic]

10  absent authorization by Congress").

11        24.    On June 17, 2020, Ms. Kinnucan sent a second, separate FOIA request to NSA,

12  *see* **Exhibit C**, seeking:

> The Encrypted Traffic Reports … of the USS Little Rock (CLG-4) for the months of May, June, and July of 1967 and/or any analyses or reports that may aggregate or summarize the data/information contained in those reports; and
>
> Any records pertaining to any attack(s) upon, theft, destruction, disappearance, etc. of U.S. "crypto-equipment" and/or the thirteen "U.S. facilities" housing them during the Six-Day War in 1967[.]

17        25.    Although Defendant NSA again acknowledged receipt and assigned the request

18  case number 109763, *see id.*, it did not respond to follow up inquiries, produced responsive

19  documents, or provided a reason for any withholding before this suit was filed.

20        26.    Over three months after this suit was filed, NSA finally responded on January 13,

21  2021 and asserted that it did not have any responsive records in its possession. *See* **Exhibit D** at

22  1-2 (mandating that any appeal must be submitted to NSA through the addresses provided).

23        27.    Despite her appeal of NSA's response and the scope of its search through the

24  manner identified, *see* **Exhibit E** (March 4 email appeal), NSA denied her appeal on June 2,

25  2021, because her underlying request was part of this suit, *see* **Exhibit F**.

26                                **CIA FOIA Requests**

27        28.    On May 31, 2020, Ms. Kinnucan requested copies of various unredacted reports

28  involving the same incident from the CIA. *See* **Exhibit G**.

FIRST AMENDED COMPLAINT - 6

29. On June 3, Defendant CIA acknowledged Ms. Kinnucan's request and assigned reference number F-2020-01511. *See id.*

30. After CIA's acknowledgment, Ms. Kinnucan sent a follow up clarifications and amendment to her original request on June 17. *See id.* Defendant CIA never responded to that or any additional follow up requests, produced responsive documents, or provided a reason for any withholding before this suit was filed.

31. Over six months after this suit was filed, CIA began a rolling production of documents in response to Ms. Kinnucan's May 31, 2020 request, which Defendant CIA purportedly completed on May 5, 2021. *See* **Exhibit H**.

32. In those productions, CIA redacted over 175 pages entire pages and a multitude of whole paragraphs—without any attempt to segregate information that did not implicate the security or privacy exemptions it claimed or to explain the nature of those redactions. And despite providing a Vaughn index in response to Plaintiff's request and concerns, *see* **Exhibit I**, CIA has not provided a reasonably detailed descriptions of the documents or alleged facts sufficient to establish an exemption applies.

## DIA FOIA Request

33. On June 17, 2020, Ms. Kinnucan submitted a FOIA request to Defendant DIA for "[a]ll communications and message traffic to or from the Office of Defense Attaché in Israel from June 5, 1967 to June 10, 1967." *See* **Exhibit J**.

34. DIA never responded to acknowledge that request, produced responsive documents, or provided a reason for any withholding before filing this suit. *See id.*

35. Months after filing this suit, DIA responded and asserted that it no longer had responsive documents in its possession. *See* **Exhibit K**. As later confirmed by Defendant's counsel, DIA accessioned them to National Archives and Records Administration prior to 2006.

FIRST AMENDED COMPLAINT - 7

## VI. CLAIMS FOR RELIEF

### Violation of Freedom of Information Act (FOIA)

### For Failure to Disclose Responsive Records

36. Plaintiff Kinnucan alleges and incorporates as set forth fully herein each and every allegation contained in the above paragraphs.

37. Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to Ms. Kinnucan's FOIA requests, which reasonably described the records sought as detailed above that. Refusal to provide this information is unlawful.

38. Defendants have violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to the FOIA request and appeal detailed above. Refusal to timely respond to the request or appeal is unlawful.

39. Defendants have violated 5 U.S.C. § 552(a)(8)(A) by failing to disclose information that is not subject to an exemption, consider whether partial disclosure of information is possible, or take reasonable steps necessary to segregate and release nonexempt information. Refusal to segregate nonexempt information and to provide sufficient information to support exemptions is unlawful.

40. Injunctive relief is authorized under 5 U.S.C. §552(a)(4)(B) because Defendants as a matter of policy or practice continue to refuse to respond, improperly withhold the requested material, and redact information, in violation of the FOIA. Ms. Kinnucan has suffered injury and will continue to suffer injury from Defendants' illegal refusal to respond and/or provide unredacted records.

41. Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding Defendants' failure to respond and improper withholding of the records in violation of the FOIA. An actual controversy exists because Ms. Kinnucan contends that Defendants' continuing failure to respond and to release the records violates the law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kinnucan requests the Court award the following relief:

FIRST AMENDED COMPLAINT - 8

     A.     Declare that Defendants' past and current failures to disclose responsive records violates the FOIA;

     B.     Declare unlawful and enjoin Defendants' practice of failing to comply with their required duties upon receipt of a properly submitted request or appeal under the FOIA;

     C.     Order Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, to conduct a prompt, reasonable search for records responsive to Ms. Kinnucan's FOIA requests, without imposing search or duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A);

     D.     Enjoin Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, from withholding records responsive to Ms. Kinnucan's FOIA requests—whether through redaction, failure to segregate, or wholesale withholding—and order them to promptly produce the same;

     E.     Award Ms. Kinnucan reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

     F.     Grant all other such relief to Ms. Kinnucan as the Court deems just and equitable.

DATED: July 16, 2021

Respectfully submitted,

Davis Wright Tremaine LLP

By s/ *Caesar Kalinowski IV*
Caesar Kalinowski IV, WSBA #52650

s/ *Allexia Arnold*
Allexia Arnold, WSBA #54902
920 5th Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: caesarkalinowski@dwt.com
allexiaarnold@dwt.com

Thomas R. Burke (*pro hac vice*)
505 Montgomery Street, Suite 800
San Francisco, CA  94111-6533
Telephone: (415) 276-6500
Fax: (415) 276-6599
E-mail: thomasburke@dwt.com

Attorneys for Plaintiff Michelle J. Kinnucan

FIRST AMENDED COMPLAINT - 9

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 16th day of July, 2021.

By s/ *Caesar Kalinowski*
Caesar Kalinowski, WSBA #52650

FIRST AMENDED COMPLAINT - 10