UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>                Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITY AGENCY; CENTRAL INTELLIGENCE AGENCY; DEFENSE INTELLIGENCE AGENCY; and DEPARTMENT OF DEFENSE,<br><br>                Defendants. | CASE NO. C20-1309 MJP<br><br>ORDER GRANTING MOTION TO EXTEND DEADLINE |

    This matter comes before the Court on Defendants' Motion to Extend Deadline and Notice of Intent to Lodge Classified Declarations for <u>Ex Parte</u>, <u>In Camera</u> Review. (Dkt No. 49.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 51), the Reply (Dkt. No. 54), and all supporting materials, the Court GRANTS the request for an extension.

    Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily

considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification and "if that party was not diligent, the inquiry should end." Id. (citation omitted).

Defendants have demonstrated good cause to warrant an extension of the Court's Order regarding a supplemental Vaughn index and supporting declarations. Defendants claim that the process required to meet this deadline is time-intensive, and complicated by the CIA's attorney's scheduled leave and coordination that must occur between the agencies involved. While Defendant's explanation seems to confirm that they did not provide the most detailed Vaughn index in the first instance, the list of their current efforts suggests sufficient diligence and need for additional time to comply with the Court's Order. And while the Court is not convinced that this additional delay will prejudice Plaintiff individually, it is aware of the impact that time's passage has on the survivors of the U.S.S. Liberty attack. For that reason, there will be no further extensions of the deadline. Any supplemental Vaughn index and supporting declarations must be filed by no later than January 6, 2023.

As to Defendants' intent to serve unredacted declarations in support of the Vaughn index ex parte for in camera review, the Court is skeptical that doing so is proper, particularly since it will deprive Plaintiff the full opportunity to challenge the assertions presented in the declarations. See Wiener v. F.B.I., 943 F.2d 972, 979 (9th Cir. 1991) (noting that in camera review "is appropriate only after the government has submitted as detailed public affidavits and testimony as possible" given that in camera submission "does not permit effective advocacy" (citation and quotation omitted)). Defendants have not cited any authority that would permit them to serve declarations in support of a Vaughn index ex parte and without leave of court or in

compliance with Ninth Circuit authority and the Local Rules on filing materials under seal. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Civil Rule 5(g). To the extent Defendants wish to file or present unredacted copies of any supporting declarations for ex parte in camera review, they must first seek and obtain leave of Court. Defendants must also brief the question of whether the Court may properly consider the ex parte declarations in ruling on the remaining issues in this matter. Defendants may file such a motion when they file the revised Vaughn index and any public versions of the supporting declarations whose unredacted counterparts they wish to present in camera. The deadline to do so is January 6, 2023.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2022.

Marsha J. Pechman
United States Senior District Judge