The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, CENTRAL INTELLIGENCE AGENCY, AND DEPARTMENT OF DEFENSE,<br><br>Defendants. | Case No. 2:20-cv-1309 MJP<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT |

PLAINTIFF'S BRIEF IN OPPOSITION - 1
(No. 2:20-cv-1309 MJP)

## I.   INTRODUCTION

Ignoring this Court's explicit guidance that Defendants CIA and NSA must supply far more specific facts and explanations to justify withholding large swaths of information about an attack that occurred over five decades ago, they have still wholly failed to meet their burden. To the contrary, Defendants filed hundreds of pages of declarations, exhibits, and a third Vaughn index that still only include conclusory recitations of standards and speculative harm without offering a single specific fact to justify particular redactions. Indeed, Defendants' declarations and justifications are so conclusory and untethered to particular documents that they could relate to *any* historical information in CIA's possession.

But "disclosure, not secrecy, is the dominant objective of [FOIA]," Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976), and "the agency must prove 'it has fully discharged [its burdens] under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester,'" Prison Legal News v. U.S. Dep't of Homeland Sec., 113 F. Supp. 3d 1077, 1081 (W.D. Wash. 2015) (citation omitted) (Pechman, J.). Because Defendants have steadfastly failed on three separate opportunities to justify withholding these historical documents, this Court should enter summary judgment in favor of Plaintiff Kinnucan and order these documents released in full.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Since Plaintiff Michelle Kinnucan first filed her FOIA requests seeking information regarding what happened when the *U.S.S.* Liberty was attacked in 1967, at least nineteen U.S. veteran-survivors have passed, including one after this Court issued its November 4, 2022 order. Dkt. 51 at 2 n.1; https://www.legacy.com/us/obituaries/fredericknewspost/name/loren-kreun-obituary?id=38194063 (Loren Kreun, Nov. 18, 2022). During that time, Defendants have had multiple opportunities over many years to fully justify why the 55+ year old documents must be withheld from these survivors and their families. In total, they have provided three Vaughn indexes and seven declarations from NSA's Chief of Legislative, State, Local, and Academic Engagement Office, NSA's Chief and Deputy Chief responsible for FOIA, and CIA's Information Review Officer. See Dkts. 22-2, 22-3, 28, 29, 30, 37, 58, 59, 59-2.

PLAINTIFF'S BRIEF IN OPPOSITION - 2
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Additionally, "[i]n light of the Court's November 4, 2022 Order, [Defendants have now] reprocessed [certain] documents released in response to the FOIA request." See Dkt. 59, Second Declaration of Vanna Blaine ("2d Blaine Decl.") ¶ 3.  Contrary to earlier sworn testimony that they had already "conducted a document-by-document and line-by-line review" and "determined that no additional information can be released from the 15 documents without jeopardizing classified or privileged material … and/or other protected information that falls within the scope of one or more FOIA exemptions," Dkt. 30 ("1st Blaine Decl.") ¶ 61, Defendants' new release included over one hundred pages of unredacted information that were previously withheld in their entirety.  See 2d Blaine Decl., Ex. A.  Unfortunately, the Court's admonitions were insufficient to cause Defendants to release all the historical documents in their possession.

Instead, Defendants continue to withhold an enormous amount of information and pages—while including *new* exemptions for certain documents they previously never reviewed or claimed.  See Dkt. 58, Third Declaration of Linda Kiyosaki ("3d Kiyosaki Decl.") at 2 n.2.  In particular, Defendants refuse to release significant portions of the record without any segregation or tailored justifications, including:

- **Document 2** (C06883306) ¶¶ 2, 3, 4, 6, 9;
- **Document 3** (C00431696) ¶¶ 2, 7, 8, 9, 10;
- **Document 4** (C00431695) ¶¶ 3, 4;
- **Document 5** (C02412716) ¶ 2;
- **Document 6** (C06883307) ¶¶ 5, 12;
- **Document 8** (C03030912) pgs. 5-7 (Vaughn entries 93-108), 9 (entry 111), 11-14 (entries 115-31);
- **Document 9** (C00431707) ¶¶ 2, 9, 12, 13, 14, 15, 19;
- **Document 10** (C01218180), final page(s) with text of 29 endnotes;
- **Document 11** (C031711947) pgs. 3 (entry 195), 4 (entry 198), 5 (entry 201), 8 (208), 9 (entry 212), 11 (entry 217), 13 (entries 222-24), 14-16 (entries 227-233), missing pages,[1]

---

[1] As reflected in Document 10's table of contents, this record contains information about the Black Shield Program from (internal) pages 15-18.  Those four pages, which should appear after (total document) page 16 (i.e. after "AIR-4" and entry 234), are missing and have not been

PLAINTIFF'S BRIEF IN OPPOSITION - 3
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

17-20 (entries 235-238), 24 (entry 246), 25 (entry 249), 27 (entry 255), 28 (entry 258), 30 (entry 263), 31 (entries 267-68), 39 (entry 286), 40 (entry 288), 43-47 (entries 292-296), 58 (entry 323);

- **Document 12** (C03006070) pgs. 4-15 (entries 407-431), missing pages,[2] 19 (entries 437-38), 20 (entries 441-42), 21 (entries 445-46), 23 (entry 452), 34 (entry 475), 36 (entries 480-81), 42-47;

- **Document 13** (C00431696), all 9 pages withheld in full.

Notwithstanding the Court's clear guidance, Defendants' refusals are premised on conclusory justifications that do nothing to correct—or even supplement—their earlier filings this Court already determined were insufficient based on its own in camera review. As detailed below, the Court should now order these documents released without delay.

### III.   ARGUMENT

In order to meet their burden and prevent disclosure of these documents, this Court's repeated admonitions were clear: Defendants must provide "far more specificity" and "explanations tailored to each redacted portion of the documents presented" with factual support and logical justifications. See Dkt. 48 (the "Order") at 20-21. These requirements, based on well-established case law, are critical in FOIA cases because "exemptions are narrowly construed and the agency has the burden of justifying withholding under any of them." Id. at 3 (citing A.C.L.U. of N. Cal. v. U.S. Dep't of Just., 880 F.3d 473, 483 (9th Cir. 2018)). The importance of such protections are also without dispute, as "[g]overnment transparency is critical to maintaining a functional democratic polity, where the people have the information needed to check public corruption, hold government leaders accountable, and elect leaders who will carry out their preferred policies." Id. (quoting Hamdan v. U.S. Dep't of Just., 797 F.3d 759, 769–70 (9th Cir. 2015)).

---

produced or referenced in Defendants' Vaughn index. Moreover, their omission is surprising, given the CIA's prior production of documents detailing nearly every Black Shield mission in the relevant time period. See https://www.cia.gov/readingroom/docs/DOC_0001472694.pdf. Defendants have thus waived any claimed exemptions as to these pages.

[2] As reflected by the internal page numbers at the bottom of Document 12, this record contains an additional two pages that have been omitted between (internal) pages 6 and 11. Those pages also have not been produced or referenced in Defendants' Vaughn index and Defendants therefore failed to meet their burden and waived arguments as to those pages as well.

PLAINTIFF'S BRIEF IN OPPOSITION - 4
(No. 2:20-cv-1309 MJP)

For each required element of all claimed exemption, Defendants were thus required to resubmit declarations and/or a Vaughn index that "identif[ies] the documents withheld, the FOIA exemptions claimed, and [contains] a particularized explanation of why each document falls within the claimed exemption." Id. at 4 (quoting Transgender L. Ctr. v. Immigr. & Customs Enf't, 46 F.4th 771, 781 (9th Cir. 2022)). "Specificity is the defining requirement of the Vaughn index," id., and so "the agency must disclose as much information as possible without thwarting the claimed exemption's purpose," id. (quoting Transgender L. Ctr., 46 F.4th at 782) (cleaned up). This requires Defendants to provide "reasonably detailed descriptions of the documents **and** allege facts sufficient to establish an exemption[.]" Lane v. Dep't of Interior, 523 F.3d 1128, 1135-36 (9th Cir. 2008) (emphasis added).

Importantly here, an agency "may not 'merely recite the statutory standards,'" Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 89 (D.D.C. 2009) (quoting Carter v. U.S. Dep't of Comm., 830 F.2d 388, 392-93 (D.C. Cir. 1987)), or provide "[c]ategorical description[s] of redacted material coupled with categorical indication of anticipated consequences of disclosure," Wiener v. F.B.I., 943 F.2d 972, 978–79 (9th Cir. 1991) (justification insufficient because "[n]o effort is made to tailor the explanation to the specific document withheld") (citation omitted). As this Court previously related, those "[c]onditional and boilerplate assertions are insufficient because they lack adequate specificity to permit the requester a fair opportunity to challenge the agency's conclusion" and thus undermine the adversarial system. Order at 4 (citing Wiener, 943 F.2d at 979).

Relatedly, Defendants were placed on notice that they cannot withhold large swaths of information—whether in the form of redacted pages, paragraphs, or entire documents—without providing "specific enough information to determine whether the [agency] had properly segregated and disclosed factual portions of those documents that the [agency] claimed were exempt." Id. at 5 (quoting Transgender L. Ctr., 46 F.4th at 785–86); 5 U.S.C. § 552(b). Mere statements that an agency "conducted a document-by-document and line-by-line review and released all reasonably segregable, non-exempt information" without factual support as to "how that line-by-line analysis was performed and how the [agency] made its ultimate conclusion on

PLAINTIFF'S BRIEF IN OPPOSITION - 5
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

segregability" are insufficient. Order at 19 (quoting 1st Blaine Decl. ¶ 61); A.C.L.U. v. Dep't of Def., 389 F. Supp. 2d 547, 567 (S.D.N.Y. 2005) (agency's segregability statement is insufficient where it "does not describe the individual documents paragraph by paragraph and line by line" with tailored explanations).

Despite this express guidance from the Court and an extension to do "extensive historical research," Dkt. 54 at 2, Defendants have still failed to provide any new facts or specific explanations that support their claims regarding the classified status of these documents, justifications for the exemptions, or a lack of segregability.

### A. Defendants Fail to Establish That The Records Were Not Automatically Declassified.

For the first time ever, Defendants deign to address Plaintiff's contention that no exemptions for classified materials apply because these documents were automatically declassified after 25 years. *See* Dkt. 31 at 6 n.4 (citing 32 CFR § 2001.30(a), (d), (i); E.O. 13526 §§ 1.5, 3.1-3.3). See also E.O. 13526 § 3.3 (noting that "All classified records shall be automatically declassified" but that "[a]n agency head may exempt from automatic declassification" but "shall notify the Panel" with specific requests before declassification). Although they claim that the documents remain classified based on general proclamations now, Defendants provide no individualized facts to establish that these documents or the information contained therein meets the required elements. Instead, each declaration merely recites the standards without verifying that any particular records were in fact exempted from declassification by the head of an agency or the Panel before declassification or request by Kinnucan. Therefore, even if they had not waived this claim by their earlier silence, Defendants' filings still fail to meet their burdens.

As to NSA, Kiyosaki's conclusory assertion that the "[t]he information withheld in Document 8 consists of details about NSA intelligence activities and capabilities, sources, methods, and/or current targets" is plainly insufficient. 3d Kiyosaki Decl. ¶ 20. For although she cites the relevant standards, she does not even claim or attempt to confirm that those "**specific** sources and methods … are **currently used today**" or that they involve "diplomatic or leadership communications." Id. ¶ 19 (quoting NSA/CSS's 2018 Declassification Guide; emphasis added). Nor does Kiyosaki attest that Document 8 or any other document—all presumptively declassified

PLAINTIFF'S BRIEF IN OPPOSITION - 6
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

after 25 years—were actually exempted from **automatic** declassification by the agency head and Panel during some prior action. As such, her conclusions that all of "[t]he information NSA withheld is subject to automatic declassification exemptions," id. ¶¶ 21-23, are untied to any particular document, without merit, and fail the burden to show these document remain classified.

CIA's attempt similarly fails as Blaine's declaration is even less tethered to particular documents or criteria. She merely concludes that "the classified information at issue in these documents is exempt from automatic declassification" based on certain guidelines "under which information **may** be exempted from automatic declassification." 2d Blaine Decl. ¶¶ 4 (emphasis added); 6. But like Kiyosaki, she tellingly does not include a single fact or even attest that any particular redactions or documents could "clearly and demonstrably be expected" to reveal sources or relate to methods "currently in use, available for use, or under development." Id. ¶¶ 4-5 (quoting E.O. 13526). See Order at 13 (declaration "nowhere asserts that the withheld information concerns any currently viable sources or methods of intelligence gathering"); 14 (noting that the declaration "fails to state whether there are any present targets identified in [the document]"). The Court may therefore properly reject her conclusory claim that "[t]he information withheld … is currently and properly classified in accordance with the procedures contained in Executive Order 13526, and is not subject to automatic declassification." 2d Blaine Decl. ¶ 6. Accordingly, Defendants have failed to meet their initial burden to show that these documents remain classified and should not be released.

### B. Defendants Failed Their Burden to Justify Their Significant Redactions and Withholdings With Specific Facts and Explanations.

Defendants have failed to meet their requirements for both Exemption 1 and 3—whether under statute, case law, or this Court's explicit mandates—to provide specific facts or explanations to justify their broad withholdings.[3] Incredibly, neither Defendants' sixth and

---

[3] Defendants have asserted defenses under Exemption 1, 5 U.S.C. § 552(b)(1), and Exemption 3, § 552(b)(3). Exemption 1 requires them to provide facts that show that document or information (1) is properly classified, (2) sufficiently identifies specific intelligence sources and methods, and (3) would reasonably be expected to result in current damage to national security despite the age of the documents. Order at 6, 12. Exemption 3 requires them to provide facts that show (1) a statute prevents disclosure and (2) the withheld records satisfies the criteria of that particular exemption statute. Id. at 15. As discussed below, Defendants' boilerplate

PLAINTIFF'S BRIEF IN OPPOSITION - 7
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

seventh declarations nor their third <u>Vaughn</u> index offer any new particularized insights into why these 55+ year-old documents are exempt from disclosure. As Plaintiff requested before, the Court should therefore deny Defendants' attempts to use vague and conclusory boilerplate responses that could apply to any historical document in their possession.

*First*, starting with Defendants' declarations, the Court can easily rule that they have still failed to meet their burden as to specificity or particularized information and explanations. Tellingly, neither declaration's justifications are tethered to any particular document or redactions nor attempt to make a showing of harm specific to each document or its contents. Like with their earlier attestations, Defendants instead rest on generalized assertions about activities, functions, sources, and methods that purport to apply to all redactions or withholdings. <u>See</u> 3d Kiyosaki Decl. ¶¶ 28-29; 2d Blaine Decl. ¶¶ 7, 8, 13. In fact, Kiyosaki's declaration does not even attempt to justify any harm to national security and her discussion regarding Exemption 3 merely repeats her previous generalized discussion about the NSA before adding a new conclusory paragraph with the assertion that NSA's activities, functions, sources, and methods would be revealed. <u>See</u> 3d Kiyosaki Decl. ¶ 28.

As this Court previously noted, however, these "[c]onditional and boilerplate assertions are insufficient," Order at 7, and the failure to offer "specific insights as to each redacted section of information" is fatal to Defendants' burden, <u>see id.</u> at 11. <u>See also id.</u> at 8-9 (noting that the declaration's information "is not document- or redaction-specific"); 12 (noting that the declaration problematically "speaks in generalities about the risk of disclosure of information about intelligence methods and sources, and the location of covert facilities"); <u>Wiener</u>, 943 F.2d at 978–79. For outside a general reference to "Document 8," 3d Kiyosaki Decl. ¶ 20, or the year 1967, 2d Blaine Decl. ¶ 10, there is nothing in these declarations that could not be completely reused for any historical documents in Defendants' possession. Moreover, as further explained below, these generalized assertions untethered to any particular documents "do not fill th[e] gap [left by the <u>Vaughn</u> index], given their lack of specificity, clarity, and logic." Order at 15.

---

recitations fail to meet the requirements for either exemption. <u>See id.</u> at 17 ("The Court adopts its Exemption 1 analysis as to these documents and the Exemption 3 assertion.").

PLAINTIFF'S BRIEF IN OPPOSITION - 8
(No. 2:20-cv-1309 MJP)

*Second*, Defendants' Vaughn index also contains no new factual information or tailored explanations as the law requires. Instead, all Defendants have done is break up their entries by redaction and repeat the exact same inadequate "[c]ategorical description[s] of redacted material coupled with categorical indication of anticipated consequences of disclosure" that they included before. Id. (quoting King v. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987)). But giving the generic name of a document and simply repeating that they have asserted certain exemptions "to protect" methods or sources "that could reasonably be expected to result in damage to national security"—for pages upon pages of withheld information—does not meet the well-established requirements to provide "reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption[.]" Lane, 523 F.3d at 1135-36. Indeed, Defendants appear to defiantly ignore the Court's Order, which already explained that these exact "threadbare and full of unhelpful boilerplate" statements do not suffice. See Order at 15.

More incredibly, all of Defendants' submissions refuse to address the Court's repeated request for information tying these historical documents to current concerns. See Order at 12 (finding "the CIA and NSA have failed to identify with sufficient care and detail how the revelation of the withheld and redacted information from 1967 and 1978 would reasonably be expected to result in current damage to national security."); 14 ("Kiyosaki makes no mention of why information from 1967 would make the NSA presently unable to counter current or future threats."). For even if they do not have to show potential harm under Exemption 3, Defendants still do not meet their burden to provide specifically tailored information for each withholding. Nor do they explain that any sources, methods, locations, facilities, or functions "described fifty-five years ago are currently in use or might be expected to be in future use." Order at 13. Defendants' refusal to include specific justifications, explanations, or facts—as required by this Court and case law—therefore either indicates a willful violation of the law or an implicit acknowledgement that they are wholly unable to substantiate their claims about these historical documents. For as identified above, these generalized statements could be applied to *any* document in CIA or NSA possession.

PLAINTIFF'S BRIEF IN OPPOSITION - 9
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants have in fact revealed a prime example of why their justifications are not worthy of deference and fail to meet applicable requirements. For some reason, Defendants decided to re-redact the first line from the second paragraph of Document 9—which was previously released in their March 5, 2021 production—resulting in a paragraph that is entirely redacted without context. But that sentence has nothing to do whatsoever with the claimed exemptions for sources, methods, codes, or any other type of classified information. See Ex. B at 39 (entry 137). Instead, as that previously revealed information shows,[4] it is simply an generalized assessment of a long-deceased foreign leader's standing in the regional community after a public decision he made in 1967. Therefore, not only was there no reason that Defendants could not segregate that information or provide a tailored justification without classified affidavits, their conclusory assertions regarding threats to national security still ring hollow and should be disregarded.

*Last*, as Plaintiff will argue in response to their related motion, Defendants' assertion that they intend to file classified declarations with "specific details," 3d Kiyosaki Decl. ¶ 20, is insufficient and should not be used to affirm their redactions or withholdings.[5] Specifically, Defendants wholly failed to meet the prerequisite to first provide detailed public affidavits and show this is "an exceptional case." See Lion Raisins v. U.S. Dep't of Agric., 354 F.3d 1072, 1083 (9th Cir. 2004), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016); Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). There is no viable reason whatsoever that Defendants could not (as ordered) provide tailored explanations for the public that do not reveal classified information.

---

[4] See, e.g., Fitzgibbon v. C.I.A., 911 F.2d 755, 765 (D.C. Cir. 1990) (noting that "when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim").

[5] Plaintiff anticipates that Defendants' classified declarations will claim potential disruptions to current collaboration or operations with Israel that would occur if embarrassing details about the *U.S.S.* Liberty Incident are revealed. This speculation—like Defendants' justifications in their public filings—would be untethered to the actual Incident at issue and could always be repeated *ad infinitum* for any historical documents that touch on foreign activities or may embarrass an agency or foreign government.

PLAINTIFF'S BRIEF IN OPPOSITION - 10
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

For example, Defendants could have identified the specific nature of the withheld document or information and provided a specific justification for each redaction, attesting that a particular portion relates to a relevant and identified topic and "includes a code word still in use," "identifies a source whose identity is still protected," or "concerns an active NSA activity that has not been revealed." Instead, they provided boilerplate assertions that could feasibly relate to any redactions in any historical documents in Defendants' possession—without tailoring their justifications to redact only a specific source or to explain why information in analytical documents (as opposed to an individual source report) cannot be released. Therefore, despite NSA's specious claim that "[a] classified declaration is necessary in order to fully and accurately inform the Court," 3d Kiyosaki Decl. ¶ 3, or CIA's conclusory assertion that "[p]roviding additional details on the public docket … would reveal classified information," 2d Blaine Decl. ¶ 12, Defendants cannot justify resorting to classified declarations that undermine FOIA's entire purpose and the adversarial process.

**C.     Defendants Fail to Meet Their Burden Regarding Segregability.**

Defendants have also failed to meet their similar-but-separate burden to justify the withholding of entire paragraphs, pages, and documents without segregating information that could be released. As an initial matter, NSA (through Kiyosaki) does not even attempt to establish that the documents could not be segregated. Nor does the new Vaughn index—which justifies withholding pages of information and even an entire document with a single entry, e.g., Ex. B at 156—try to address the segregability concerns in the conclusory fashion of its predecessor, see Dkt. 30-8 at 3. Instead, Defendants rely solely on CIA's Blaine to meet their burden, contrary to case law holding that "an agency [like NSA] cannot justify withholding an entire document simply by showing that it contains some exempt material." A.C.L.U. of N. Cal., 880 F.3d at 489 (internal citations omitted).

CIA and Blaine, however, surprisingly flout the Court's Order regarding that same issue. For although this Court expressly identified the insufficiency of Blaine's earlier assertion "that 'the CIA conducted a document-by-document and line-by-line review and released all reasonably segregable, non-exempt information,'" Order at 19 (quoting 1st Blaine Decl. ¶ 61),

PLAINTIFF'S BRIEF IN OPPOSITION - 11
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Blaine still just repeats this same line now with even *less* specificity.  See 2d Blaine Decl. ¶ 14 (asserting "the CIA conducted a line-by-line review and released all reasonably segregable, non-exempt information").  Not only does this "provide[] no details that might allow the Court and Plaintiff to understand how that line-by-line analysis was performed and how the CIA made its ultimate conclusion on segregability as to all of the redacted and withheld documents," it also is untethered to any particular document or those broad ranges of pages that have been withheld entirely.  Order at 19 (with regard to wholly withheld documents like Document 13, noting the Court's in camera review confirmed "that far greater specificity is necessary to justify the lack of segregation").

Further evident from the arbitrary nature of their Defendants' process and justifications, however, Defendants could not meet their requirement to justify the failure to segregate even if they had tried.  For example, the bad faith nature of Defendants' earlier attestations is readily apparent as they have now released hundreds of pages of innocuous information that they previously claimed were properly reviewed and excluded.  At a minimum, this undermines the presumption of good faith that is normally afforded such conclusory attestations.  But as detailed above, that is not to say that Defendants have now solved their reflexive attitude towards over-redacting harmless information like the lines of *re*-redacted information.

Ultimately, Defendants' failures to provide specific justifications or address segregability are most notable where they have withheld entire paragraphs, pages, and documents that very likely include relevant information about the *U.S.S.* Liberty.[6]  Document 13 is particularly reflective of Defendants' continuing issues, as they still withhold that entire record by providing a boilerplate description of the document ("Internal Analytical Work Product") with categorical descriptions of the exemptions in a single entry that covers 9 pages.  See Ex. B at 156.  Likewise, pages 17-20 of Document 10 (entries 235-238) are entirely redacted with only a single

---

[6] See, e.g., **Document 2** ¶¶ 2, 9; **Document 3** ¶¶ 7, 8, 10; **Document 8** pgs. 5-7 (entries 93-108); **Document 9** ¶¶ 2, 12, 14, 15, 19; **Document 10**, 29 endnotes; **Document 11** pgs. 9 (entry 212), 11 (entry 217), missing pages, 17-20 (entries 235-238), 43-47 (entries 292-296); **Document 12** pgs. 4-15 (entries 407-431), missing pages, 19 (entries 437-38), 20 (entries 441-42), 21 (entries 445-46), 23 (entry 452); **Document 13**, withheld in full.

PLAINTIFF'S BRIEF IN OPPOSITION - 12
(No. 2:20-cv-1309 MJP)

conclusory entry per page in the Vaughn index. See id. at 68-69. "Without greater refinement, particularly in the specific identification of the subject matter of the withholding and specific redactions," it is clear that such blanket assertions still miss the mark. Order at 18; Fiduccia v. U.S. Dep't of Just., 185 F.3d 1035, 1043 (9th Cir. 1999) (noting that "[w]here documents are withheld altogether," an agency must produce "a Vaughn index of considerable specificity to know what the agency possesses but refuses to produce"). This Court should therefore find that Defendants have failed to meet their requirement for segregation.

## IV.  CONCLUSION

After conducting its own in camera review, this Court gave the CIA and NSA clear guidance regarding the level of specificity and types of information that must be provided to justify their withholdings. Defendants have tripled down on the sufficiency of providing generalized and categorical descriptions to support their redactions and refused to produce dozens of pages of historical documents. As identified above, they have not provided a single new fact or expanded explanation—despite directly acknowledging that their prior filings were insufficient through publishing hundreds of pages of documents confirming that to be true. But if such conclusory assertions were sufficient for this Court to approve those remaining justifications or entry of classified declarations, Defendants would be always able to withhold historical documents regardless of their age, classification, or actual potential for harm.

Because this Court has already rejected such a proposition after its in camera review—which would undermine the entire purpose of FOIA's presumption of disclosure and the traditional adversarial proceeding, Lion Raisins, 354 F.3d at 1083-84—it should again rule in Plaintiff's favor. Furthermore, given the repeated delays and years caused by Defendants' obstruction and refusal to produce any documents, see Dkts. 20 at 10-13; 31 at 14-15, Defendants' use of generalized justifications that could apply to any historical document in their possession, and this Court's own review that confirmed the failure to justify these documents despite multiple attempts, Plaintiff respectfully requests that the Court grant her summary judgment and order Defendants to produce those documents in their entirety within 30 days.

PLAINTIFF'S BRIEF IN OPPOSITION - 13
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of January, 2023.

DAVIS WRIGHT TREMAINE LLP

By s/ *Caesar Kalinowski IV*
    Caesar Kalinowski IV, WSBA #52650
    David Nordlinger, WSBA #59545
    920 5th Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: caesarkalinowski@dwt.com
           davidnordlinger@dwt.com

    Thomas R. Burke (*pro hac vice*)
    505 Montgomery Street, Suite 800
    San Francisco, CA  94111-6533
    Telephone: (415) 276-6500
    Fax: (415) 276-6599
    E-mail: thomasburke@dwt.com

    *Attorneys for Plaintiff Michelle J. Kinnucan*

PLAINTIFF'S BRIEF IN OPPOSITION - 14
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax


# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 20th day of January, 2023.

By s/ *Caesar Kalinowski IV*
Caesar Kalinowski IV, WSBA #52650

PLAINTIFF'S BRIEF IN OPPOSITION - 15
(No. 2:20-cv-1309 MJP)