The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL SECURITY AGENCY, CENTRAL INTELLIGENCE AGENCY, AND DEPARTMENT OF DEFENSE,<br><br>  Defendants. | Case No. 2:20-cv-1309 MJP<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SUBMIT CLASSIFIED DECLARATIONS FOR *EX PARTE, IN CAMERA* REVIEW<br><br>NOTE ON MOTION CALENDAR:<br>January 27, 2023 |

PLAINTIFF'S OPPOSITION TO MOTION - 1
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Again ignoring Ninth Circuit precedent and this Court's Local Rules regarding the strong presumption of public access to records filed in support of dispositive motions, Defendants seek to undermine FOIA's dominant purpose and its requirement to first file supporting public declarations with as much information as possible. As shown below, granting Defendants' request under these circumstances would be tantamount to approving the use of ex parte declarations in every FOIA case involving claimed exemptions for classified information—effectively turning the routine into the exceptional. Because Defendants' have failed to meet their burden or to provide support for such an unprecedented request, Plaintiff respectfully asserts that the Court should deny Defendants' motion and grant Plaintiff summary judgment on the basis of Defendants' public filings.

# II. BACKGROUND

After submitting multiple boilerplate declarations and Vaughn indexes that this Court found insufficient in its November 4, 2022 order (Dkt. 48), Defendants were forced to re-evaluate their position based on their prior lack of specific information to justify the withholdings. Incredibly, they re-processed and released hundreds of pages of documents that they previously testified could not be released without jeopardizing national security. See Dkts. 30 ¶ 61; 59 ¶ 3. While seeking an extension to do this reprocessing and purportedly to conduct "extensive historical research" to justify their remaining redactions, Defendants also alerted the Court of their unilateral intent to file classified declarations. Dkts. 49 at 1-2; 54 at 2. Plaintiff opposed on the grounds that Defendants had not met their burden—under the First Amendment, Local Rules, or binding FOIA precedent—to unilaterally submit ex parte declarations under seal. Dkt. 51.

On December 7, this Court granted Defendants' request for an extension but expressly observed that it "is skeptical that [submitting ex parte declaration in camera] is proper, particularly since it will deprive Plaintiff the full opportunity to challenge the assertions presented in the declarations." Dkt. 55 (the "Extension Order") at 2. Noting that Defendants had "not cited any authority that would permit them to serve declarations in support of a Vaughn

PLAINTIFF'S OPPOSITION TO MOTION - 2
(No. 2:20-cv-1309 MJP)

index ex parte and without leave of court or in compliance with Ninth Circuit authority and the Local Rules on filing materials under seal," id. at 2-3 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Civil Rule 5(g)), the Court ordered Defendants to:

    **1.** Seek and obtain leave to do so;

    **2.** Brief the question of whether the Court may properly consider the ex parte declarations in ruling on the remaining issues in this matter; and

    **3.** File their revised Vaughn index "and any public versions of the supporting declarations whose unredacted counterparts they wish to present in camera" by January 6, 2022.  Id. at 3.

On January 6, 2022, Defendants filed a third Vaughn index and two public declarations repeating generalized claims—asserting that any "specific details" would be forthcoming in the classified declarations—along with their motion seeking leave.  Dkts. 56 ("Motion"); 58 (3d Kiyosaki Decl."); 59 ("2d Blaine Decl.").  However, despite the Court's Order and Defendants' promise to "file an unclassified version [of the classified declarations] on the Court's docket," Dkt. 49 at 2, no redacted versions of the classified declarations were filed.[1]

### III.   ARGUMENT

As evidenced by their earlier belief that they simply must provide notice of an intent to file ex parte declarations and their Motion's refusal to address the Court's clear demands, Defendants plainly believe they may file ex parte declarations at will when the adversarial process becomes too difficult or cumbersome.  Because Defendants' position ignores this Court's Order (Dkt. 49), the First Amendment, Local Rules, and binding FOIA case law. Plaintiff respectfully requests that the Court deny Defendants' Motion and grant Plaintiff summary judgment on the basis of Defendant's public submissions.

---

[1] Plaintiff has no doubt this was intentional, as it allows Defendants to change their declarations in response to Plaintiff's opposition brief—effectively giving them a fourth bite at the apple—which could not happen if they had already supplied the redacted versions on the record.

PLAINTIFF'S OPPOSITION TO MOTION - 3
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### A. Defendants Ignore Binding Ninth Circuit Case Law Regarding the Presumption of Access Under the First Amendment

Defendants first ignore this Court's Order and Plaintiff's citations to binding Ninth Circuit case law regarding the public's general right under the First Amendment "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Outside a narrow category of court records "traditionally kept secret"—grand jury transcripts and warrant materials in the midst of a pre-indictment investigation—the Ninth Circuit holds that a "strong presumption in favor of access" is the starting point. Id. (quoting Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003)). Indeed, even in the context of withholding ex parte declarations from the public in FOIA matters, other courts recognize that "such a practice runs counter to the general presumption in favor of full and open judicial proceedings." Brick v. Dep't of Just., 358 F. Supp. 3d 37, 45–46 (D.D.C. 2019) (citing EEOC v. Nat'l Children's Ctr. Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'")).

In order to overcome that strong presumption, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Kamakana, 447 F.3d at 1180 (quoting Foltz, 331 F.3d at 1136). This burden cannot be met by relying on hypothesis, conjecture, or conclusory statements—even where the government invokes concerns about confidentiality, hindering operations, or "endanger[ing] informants' lives." Id. at 1182. "Neither will it suffice to show, as the United States argues, that a document merits sealing because it would be exempt from disclosure under the Freedom of Information Act." Id. at 1185. For like FOIA, the presumptive right to access "is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" Id. at 1178 (quoting Nixon at 435 U.S. at 598).

Here, Defendants do not even try to address the "starting point," "strong presumption," or their high burden to meet certain requirements established by Ninth Circuit precedent under the First Amendment. Instead, they rely solely on FOIA case law from other circuits to sidestep those

PLAINTIFF'S OPPOSITION TO MOTION - 4
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

issues. Binding case law, however, places the burden on Defendants and requires them to "articulate[] compelling reasons supported by specific factual findings," Kamakana, 447 F.3d at 1178 (quoting Foltz, 331 F.3d at 1135), so that this Court can balance competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling," id. (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). See also Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Ariz., 156 F.3d 940, 946 (9th Cir. 1998). In light of Defendants total failure to meet their burden to do so, this Court should deny their request to seal these documents or otherwise withhold them from the public.

### B. Defendants Ignore the Plain Language of the Local Rules

Defendants further ignore the Court's admonition regarding "compliance with … the Local Rules on filing materials under seal." Extension Order at 3. For in addition to the case law cited above, the Western District of Washington's "Local Civil Rule 5(g) expressly incorporates the common law's 'strong presumption of public access to the court's files.'" Wagafe v. Biden, No. 17-CV-00094-LK, 2022 WL 279331, at *2 (W.D. Wash. Jan. 31, 2022). Under that rule—which applies "in all instances"—a party seeking to withhold access from the public must explore all alternatives, LCR 5(g)(1), and include "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal" that explains the party's exact reasoning as to various interests, injuries, and alternatives, see LCR 5(g)(3)(B). As with the common law presumption, this burden cannot be met by conclusory statements or through simply claiming that documents are confidential. E.g., Wagafe, 2022 WL 279331, at *1-3 (denying conclusory requests as insufficient, despite claims regarding information that was "protected by state and federal statutes and regulations," involved law enforcement investigations, and related to individuals deemed a "National Security Concern").

Here, Defendants assert without explanation that they need not comply with LCR 5(g)—while citing to an unidentified document filed in the Wagafe matter and giving a conclusory promise that they "*considered* the issues identified in LCR 5(g) concerning public access to court files." Motion at 5 n.6 (emphasis added). But the order (and underlying motion) they reference as "authority" for avoiding LCR 5(g) does not support any such right. Instead, the earlier

PLAINTIFF'S OPPOSITION TO MOTION - 5
(No. 2:20-cv-1309 MJP)

LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  proceeding in Wagafe involved a request based on the court's inherent authority—with ample
2  supporting case law—"to review ex parte and in camera privileged documents submitted in
3  support of a privilege assertion." 2:17-cv-00094, Dkt. 267 at 1-3 (W.D. Wash. Apr. 26, 2019).
4  Nevertheless, Judge Jones still voiced his "concern[] with allowing Defendants to establish a
5  general practice of filing supporting material for motions ex parte and in camera" but allowed
6  their filing "in this instance" to "inform what relief, if any, should be afforded Plaintiffs in
7  connections with their discovery motions."[2] Id., Dkt. 273 at 2-3 (W.D. Wash. June 3, 2019).

8       As with the presumption under the common law, Defendants have not shown that they
9  (1) are relieved from LCR 5(g)'s burden when they effectively seek to seal documents in support
10 of a dispositive motion, (2) have actually explored alternatives, such as providing more public
11 information or redacted versions of the classified declarations on the docket, or (3) meet the
12 other requirements under LCR 5(g)(3)(B). To the contrary, they merely claim to have
13 "considered" those issues, while avoiding their burden and only making general references to
14 "reasons of national security." Motion at 1. This is plainly insufficient and the Court should
15 reject the government's second attempt to force ex parte proceedings as a routine practice, which
16 would undermine the adversarial system and disregard this Court's Order and the District's
17 explicit requirements.

18     **C.    Defendants Ignore Binding Case Law and Requirements Under FOIA**

19      Even when reviewing Defendants' primary contention that FOIA routinely permits in
20 camera review of ex parte declarations, a careful examination of those non-binding authorities
21 does not support such a broad proposition. Indeed, Defendants appear to contend that every
22 FOIA case involving claims under Exemptions 1 and 3—which always invariably concern
23 classified information and intelligence activities—may be substantiated through an ex parte
24 declaration because Defendants would otherwise be forced to reveal classified information.

---

[2] As identified in Kamakana, a lesser "good cause" showing applies to documents in support of non-dispositive motions, such as discovery disputes. See 447 F.3d at 1180. Even still, "[t]he 'good cause' standard requires the party seeking protection to show 'specific prejudice or harm' for **each** document it seeks to protect." Wagafe, 2022 WL 279331, at *2 (emphasis added) (quoting Foltz, 331 F.3d at 1130).

PLAINTIFF'S OPPOSITION TO MOTION - 6
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Such an application, however, ignores the facts of this case and Ninth Circuit case law "recogniz[ing] the danger inherent in relying on ex parte affidavits," Doyle v. F.B.I., 722 F.2d 554, 556 (9th Cir. 1983), and mandating "a district court may rely solely on ex parte affidavits 'only in the exceptional case'" and only after "the government has submitted as detailed public affidavits and testimony as possible," Lion Raisins v. U.S. Dep't of Agric., 354 F.3d 1072, 1083 (9th Cir. 2004) (quoting Doyle, 722 F.2d at 556), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016).[3]

Indeed, it is only after a defendant has provided specific explanations that are found unhelpful have courts **themselves** ordered the submission of ex parte declarations. See, e.g., Wiener v. F.B.I., 943 F.2d 972, 977 (9th Cir. 1991) (noting "[t]he district court ordered the FBI to submit in camera further justification for the withholdings"); Pollard v. F.B.I., 705 F.2d 1151, 1154 (9th Cir. 1983) ("If the government's initial attempts to provide justification for its claimed exemption fail to provide a sufficient basis for decision, **the district court may require** the government to submit more detailed public affidavits before resorting to in camera review of the documents themselves and/or in camera affidavits.") (emphasis added); Winter v. N.S.A. et al., 569 F. Supp. 545, 547 (S.D. Cal. 1983) (district court ordered an ex parte, in camera affidavit);

The out-of-circuit cases relied on by Defendants merely highlight these requirements or involve different circumstances. In Brick, the district court initially denied Defendant's request for summary judgment based on the agency's insufficient declarations. See 293 F. Supp. 3d 9 (D.D.C. 2017). After doing so, however, it specifically ordered the government to file "a public and an ex parte version of the supplemental declaration," as well as the document itself for in camera review. Id. at 13. Then, only after determining that the "government's public declaration provides as fulsome of a statement as is possible without revealing the very information that the government seeks to protect," the court relied on an in camera review of the document and ex parte declaration to support its findings. 358 F. Supp. 3d at 47. See also

---

[3] It also ignores the Supreme Court's admonitions regarding the necessary showing for in camera review and the "reason to be concerned about the possible due process implications of routine use of in camera proceedings." See United States v. Zolin, 491 U.S. 554, 571 (1989).

PLAINTIFF'S OPPOSITION TO MOTION - 7
(No. 2:20-cv-1309 MJP)

A.C.L.U. v. C.I.A., 710 F.3d 422, 433 (D.C. Cir. 2013) (accepting classified declarations in case involving Glomar or "no number, no list" response that neither confirms nor denies existence of information); Open Soc'y Just. Initiative v. C.I.A., 2021 WL 4150522, at *6 (S.D.N.Y. 2021) (same).

Here, as argued in Plaintiff's primary brief in opposition, Defendants have categorically refused to provide anything other than boilerplate justifications regarding their withholdings despite their ability to provide particularized explanations. See Dkt. 60 at 7-11. Accordingly, they failed to meet their initial burden to justify exemptions before attempting to rely on any ex parte documents or in camera review. Moreover, because this Court has already reviewed the documents in question and did not identify a need for classified declarations, Defendants' attempt to circumvent the adversarial process ignores this Circuit's precedence regarding the "exceptional circumstances" under which ex parte declarations should be ordered.

### IV.   CONCLUSION

Defendants have not provided any particularized explanations or facts in their public declarations and seek to rely solely on ex parte declarations to supply those "specific details" without even providing redacted copies of those. As identified above, granting Defendants' Motion would therefore conflict with case law establishing the proper burdens and process, relieve them of their duty to provide public information that is not generalized, subvert the adversarial process, and establish a precedent that FOIA Exemptions for documents with classified information can always be justified by resorting to such methods. Accordingly, Plaintiff respectfully asserts that the Court should deny Defendants' Motion[4] and instead grant Plaintiff's request for summary judgment on the basis and insufficiency of Defendants' seven public declarations and three Vaughn indexes.

---

[4] If the Court grants Defendants' Motion, Plaintiff alternatively requests that the Court adopt the D.C. Circuit's guidance and explain its reasoning based on those classified affidavits and why none of the affidavits could be shared. See Lykins v. D.O.J., 725 F.2d 1455, 1465 (D.C. Cir. 1984) (noting that "[t]he legitimacy of accepting in camera affidavits (as opposed to in camera review of withheld documents) has troubled this court in the past" and "a trial court should not use in camera affidavits unless necessary and, if such affidavits are used, it should be certain to make the public record as complete as possible").

PLAINTIFF'S OPPOSITION TO MOTION - 8
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1       DATED this 23rd day of January, 2023.

DAVIS WRIGHT TREMAINE LLP

By s/ *Caesar Kalinowski IV*
    Caesar Kalinowski IV, WSBA #52650
    David Nordlinger, WSBA #59545
    920 5th Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: caesarkalinowski@dwt.com
           davidnordlinger@dwt.com

    Thomas R. Burke (*pro hac vice*)
    505 Montgomery Street, Suite 800
    San Francisco, CA  94111-6533
    Telephone: (415) 276-6500
    Fax: (415) 276-6599
    E-mail: thomasburke@dwt.com

    *Attorneys for Plaintiff Michelle J. Kinnucan*

PLAINTIFF'S OPPOSITION TO MOTION - 9
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 23rd day of January, 2023.

By s/ *Caesar Kalinowski IV*
Caesar Kalinowski IV, WSBA #52650

PLAINTIFF'S OPPOSITION TO MOTION - 10
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax