UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL SECURITY AGENCY; CENTRAL INTELLIGENCE AGENCY; DEFENSE INTELLIGENCE AGENCY; and DEPARTMENT OF DEFENSE,<br><br>    Defendants. | CASE NO. C20-1309 MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO SUBMIT CLASSIFIED DECLARATIONS FOR *EX PARTE*, *IN CAMERA* REVIEW |

This matter comes before the Court on Defendants' Motion for Leave to Submit Classified Declarations for Ex Parte, In Camera Review. (Dkt. No. 56.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 61), the Reply (Dkt. No. 62), and all supporting materials, the Court GRANTS the Motion.

## BACKGROUND

Defendants the Central Intelligence Agency and the National Security Agency ask for leave to submit two declarations that they claim contain classified information to the Court for <u>ex parte, in camera</u> inspection. (Mot. at 1.) The declarations are intended to provide additional information that supports the CIA's and NSA's contention that they have properly withheld information and documents under FOIA's Exemption 1 and 3. (<u>Id.</u> at 2.) Plaintiff strongly opposes this request, arguing that such an <u>ex parte</u> submission should not be permitted unless Defendants have provided as detailed public affidavits and testimony as possible. (Opp. at 7.) And Plaintiff argues that Defendants fail to satisfy the rules for sealing materials from public view under Ninth Circuit precedent and the Local Civil Rules. (<u>Id.</u> at 4-6.)

## ANALYSIS

FOIA allows the Court to perform an <u>in camera</u> inspection of documents an agency has determined to withhold under the Act. 5 U.S.C. § 552(a)(4)(B). While FOIA does not expressly identify supporting affidavits, the Ninth Circuit has recognized that the Act allows for their review on an <u>ex parte, in camera</u> basis. See <u>Lion Raisins v. U.S. Dep't of Agric.</u>, 354 F.3d 1072, 1083 (9th Cir. 2004) <u>overruled on other grounds by</u> <u>Animal Legal Def. Fund v. U.S. Food & Drug Admin.</u>, 836 F.3d 987 (9th Cir. 2016). "[A] court may examine an agency declaration <u>in camera</u> and <u>ex parte</u> when release of the declaration would disclose the very information that the agency seeks to protect." <u>Greyshock v. U.S. Coast Guard</u>, 107 F.3d 16, 1997 WL 51514 at *3 (9th Cir. 1997) (unpublished) (citing <u>Pollard v. F.B.I.</u>, 705 F.2d 1151, 1153-54 (9th Cir. 1983)). But "a district court may rely solely on <u>ex parte</u> affidavits 'only in the exceptional case'" and only after "the government has submitted as detailed public affidavits and testimony as possible." <u>Lion Raisins</u>, 354 F.3d at 1083 (quoting <u>Doyle v. F.B.I.</u>, 722 F.2d 554, 556 (1983)).

1    The Court finds that submission of the two declarations on an ex parte basis for in camera
2    inspection is appropriate. Defendants maintain that they have provided as much detail as possible
3    in the revised Vaughn index and supporting declarations as possible without revealing classified
4    information. (See Mot. at 4.) And although the Court has reviewed all of the publicly-filed
5    declarations and revised Vaughn index, only an in camera inspection can test the validity of
6    Defendants' assertion. A review of these two declarations will also allow the Court to determine
7    more fully whether the FOIA Exemptions on which Defendants rely are properly invoked. But
8    the Court is cognizant that it may only rely on these ex parte declarations in resolving the
9    underlying dispute in "the exceptional case" and only after the Court confirms that the publicly-
10   filed Vaughn index and supporting declarations are as fulsome as possible. See Lion Raisins, 354
11   F.3d at 1083. And this Order does not resolve that issue—it merely permits the Court to review
12   the materials in camera without making any determination on the underlying dispute over the
13   applicability of the FOIA Exemptions.

14    The Court notes that Ninth Circuit case law on ex parte, in camera inspection does not
15   require a secondary analysis of whether the Court may limit the public's right of access to the
16   docket. See Lion Raisins, 354 F.3d at 1083. That is because this consideration is already folded
17   into the inquiry of whether submission and reliance on the ex parte affidavits is appropriate. So
18   while Plaintiff and public have a right of access to the Court's docket, that right is already part of
19   the Court's analysis above. And it is reflected in the fact that the Court may only rely on ex parte
20   materials "'in the exceptional case'" and only after "the government has submitted as detailed
21   public affidavits and testimony as possible." Lion Raisins, 354 F.3d at 1083 (quoting Doyle, 722
22   F.2d at 556). As a result, the Court does not engage in a separate analysis under Local Civil Rule
23   5(g) and Ninth Circuit case law on public access, e.g., Kamakana v. City & Cnty. of Honolulu,
24

447 F.3d 1172, 1178 (9th Cir. 2006). Even if it did, the Court is satisfied that the reasons asserted in the publicly-filed declarations—the need to keep purportedly classified information secret—are sufficiently compelling to outweigh the public's right of access. See Kamakana, 447 F.3d at 1178.

**CONCLUSION**

The Court GRANTS Defendants' Motion for Leave to Submit Classified Declarations. The Court ORDERS Defendants to submit the declarations for ex parte, in camera inspection as soon as practicable.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 16, 2023.

Marsha J. Pechman
United States Senior District Judge