# Exhibit A



**NATIONAL SECURITY AGENCY**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 106371B
28 June 2024

MICHELLE KINNUCAN

Dear Michelle Kinnucan:

    This letter provides NSA's re-processed response to your Freedom of Information Act (FOIA) request 106371 which, as amended, requests "both volumes I and II of 'A Report to the Committee on Appropriations - U.S. House of Representatives on the Effectiveness of the Worldwide Communications Systems and Networks of the DoD, U.S.S. Liberty Incident'." This request is currently the subject of pending litigation in **Kinnucan v. NSA**, et. al., United States District Court Western District of Washington at Seattle, Case no. 20-1309. As indicated in NSA's motion to remand filed in the Ninth Circuit Court of Appeals, NSA intended to re-process your FOIA request, consider and disclose additional information, and conduct additional searches. That process is now complete.

    NSA has determined that the documents you requested, Volumes I and II of the House Appropriations Committee (HAC) report, are not agency records subject to the FOIA, as the records in question were both created by and are controlled by the U.S. House of Representatives. As previously indicated, NSA confirms that both volumes are clearly marked "NOT FOR RELEASE UNLESS AND UNTIL AUTHORIZED BY COMMITTEE." Therefore, the FOIA does not mandate their release and the Agency is not authorized to process the documents without the approval of the U.S. House of Representatives. While NSA's decision is the same as its initial decision, NSA is releasing additional information described below.

    In consideration of the question of whether the HAC report is a congressional record, NSA identified an agency record referencing NSA's possession of the HAC report. Although we have determined that this document, an internal routing slip and memorandum, is not responsive to your FOIA request, we have enclosed that record (two pages) pursuant to a discretionary release. This Agency is authorized by various statutes to protect certain information concerning its activities. We have determined that such information exists in in these two pages. Accordingly, those portions are exempt from disclosure pursuant to the third exemption of the FOIA, which provides for the withholding of information specifically protected from disclosure by statute. The specific statutes applicable in this case is Section 6, Public Law 86-36 (50 U.S. Code 3605).

    Additionally, we considered handwritten notes on some pages of the HAC report. NSA considered whether these notes were responsive to your FOIA request and determined that they were not responsive. NSA is therefore not processing them for release under FOIA[1], with one exception. While NSA determined that they are not responsive to the request itself, one note may bear on the question of whether the HAC report is a congressional record and therefore, NSA has made the discretionary

---

[1] If the notes were responsive, NSA would process them under FOIA including considering whether any FOIA exemption would apply.

determination to disclose this information. In handwritten print across the cover pages of both Volume I and Volume II a note says "Not releasable" "Information appeared in the press on 8 June '68."

Also, as previously disclosed, NSA confirms that both volumes of the HAC report are marked "Top Secret." A memorandum page in both volumes further contains a statement that "This report is classified TOP SECRET because it contains information, so classified by the Department of Defense, relating to matters involving national security of the United States."

Finally, as a part of the re-processing, NSA conducted additional searches for the purpose of determining whether any additional records could be located that would shed light on the question of whether the HAC report is a congressional record or an agency record and no additional records were found.

Sincerely,

*Sally A. Nicholson*

SALLY A NICHOLSON
Chief FOIA/PA Division
Initial Denial Authority

Encls:
a/s

| ROUTING AND TRANSMITTAL SLIP | | Date | |
|---|---|---|---|
| TO: (Name, office symbol, room number,) | | Initials | Date |
| 1. | | | 5/6 |
| 2. | | | |
| 3. | | | |
| 4. | | | (b)(3)-P.L. 86-36 |
| 5. | | | |

| Action | File | Note and Return |
|---|---|---|
| Approval | For Clearance | Per Conversation |
| As Requested | For Correction | Prepare Reply |
| Circulate | For Your Information | See Me |
| Comment | Investigate | Signature |
| Coordination | Justify | |

REMARKS

You asked to review the attached 2 volumes re: USS Liberty

DO NOT use this form as a RECORD of approvals, concurrences, disposals, clearances, and similar actions

FROM: (Name, org. symbol, Agency/Post)    Room No.—Bldg.

Phone No.

5041-102
☆U.S. GPO: 1977—261-647/3187

OPTIONAL FORM 41 (Rev. 7-76)
Prescribed by GSA
FPMR (41 CFR) 101-11.206

Approved for Release by NSA on 28 June 2024, FOIA Case #106371, Litigation

EXECUTIVE ASSISTANT

13 May 1968

MEMORANDUM FOR THE DIRECTOR/DEPUTY DIRECTOR

SUBJECT: House Appropriations Committee Report

The attached is a purloined copy of the House Appropriations Committee report of the effectiveness of DoD communications triggered by the LIBERTY incident.

Volume I is of interest, albeit historical, and limits itself to the communications in support of the LIBERTY operation. Clipped items may be of interest to you.

Volume II is a treatise on DoD communications in general and contains a good summary (pp. i-xix). We recommend you read only this portion at your leisure.

[handwritten annotations:] This is my only copy. Recommend limiting reading to (other than journals)

8/5 I found this intensely interesting —

(b)(3)-P.L. 86-36

Approved for Release by NSA on 28 June 2024, FOIA Case #106371, Litigation



NATIONAL SECURITY AGENCY
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 106371C
8 July 2024

MICHELLE KINNUCAN

Dear Michelle Kinnucan:

NSA has determined to make an additional discretionary release. Please see the attached record.

Sincerely,

*Sally A. Nicholson*

SALLY A NICHOLSON
Chief FOIA/PA Division
Initial Denial Authority

Encl:
a/s

## ROUTING AND TRANSMITTAL SLIP

Date: 8 apr

| TO: (Name, office symbol, room number, building, Agency/Post) | Initials | Date |
|---|---|---|
| 1. Mr. Yeates | PJC | 5/6 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Action | File | Note and Return |
|---|---|---|
| Approval | For Clearance | Per Conversation |
| As Requested | For Correction | Prepare Reply |
| Circulate | For Your Information | See Me |
| Comment | Investigate | Signature |
| Coordination | Justify | |

**REMARKS**

Gene

You asked to review the attached 2 volumes re: USS Liberty.

Charlie

DO NOT use this form as a RECORD of approvals, concurrences, disposals, clearances, and similar actions

| FROM: (Name, org. symbol, Agency/Post) | Room No.—Bldg. |
|---|---|
| | Phone No. |

5041-102
☆U.S. GPO: 1977—261-647/3187

OPTIONAL FORM 41 (Rev. 7-76)
Prescribed by GSA
FPMR (41 CFR) 101-11.206

Approved for Release by NSA on 8 July 2024, FOIA Case #106371, Litigation

EXECUTIVE ASSISTANT

13 May 1968
LCDR Koczak

MEMORANDUM FOR THE DIRECTOR/DEPUTY DIRECTOR

SUBJECT: House Appropriations Committee Report

The attached is a purloined copy of the House Appropriations Committee report of the effectiveness of DoD communications triggered by the LIBERTY incident.

Volume I is of interest, albeit historical, and limits itself to the communications in support of the LIBERTY operation. Clipped items may be of interest to you.

Volume II is a treatise on DoD communications in general and contains a good summary (pp. i-xix). We recommend you read only this portion at your leisure.

*[handwritten note:]* This is only copy. Recovered this morning — to be back of Col. Goldridge (who then forwarded)

*[handwritten note:]* 18/5 I found this intensely interesting —

Approved for Release by NSA on 8 July 2024, FOIA Case #106371, Litigation