The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE J. KINNUCAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-1309 MJP<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>October 11, 2024<br><br>***Oral Argument Requested*** |

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

NSA seeks to hide documents it has controlled and used for five decades on a grave matter of public interest:  what government agencies like the NSA and Department of Defense did wrong when the U.S.S. *Liberty* was attacked by an ally in 1967, leaving 34 Americans dead and scores wounded.  But FOIA reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language," so that citizens like Ms. Kinnucan can "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."  Dep't of the Air Force v. Rose, 425 U.S. 352, 360–61 (1976) (citation omitted).  In its opposition ("Opp."), NSA fails to acknowledge that purpose or its duties in its Opposition.  Instead, adhering to its continued presumption *against* disclosure, NSA rehashes arguments on congressional intent that ignore Ninth Circuit case law and its own unrestricted use of the HAC Report.  Moreover, NSA fails to grapple with Ms. Kinnucan's arguments or any of the evidence in the record, including the newly disclosed transmittal slip and memorandum.  Because NSA failed to provide the necessary information to meet its burden under FOIA and overcome the "strong presumption in favor of disclosure," Dep't of State v. Ray, 502 U.S. 164, 173 (1991), the Court should grant summary judgment in favor of Ms. Kinnucan and order the disclosure of the HAC Report.

## II.     ARGUMENT

### A.     NSA Has Failed to Meet Its Burden to Prove that the HAC Report Is Not an Agency Record Under Supreme Court and Ninth Circuit Precedent

As an initial matter, NSA's opposition fails to address binding case law from the Supreme Court and Ninth Circuit disregarding "the intent of the creator" when deciding whether a document is considered an "agency record" under FOIA.  As detailed in Ms. Kinnucan's brief, the Court should analyze the agency records question under the Supreme Court's test set forth in Dept' of Just. v. Tax Analysts, 492 U.S.136 (1989) and endorsed in Rojas v. Fed. Aviation Admin., 941 F.3d 392, 409 (9th Cir. 2019).  (See Dkt. No. 88 ("Kinnucan Br.") at 5-6.).  The D.C. Circuit test that the Court previously applied, which "was originally developed before the

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  Supreme Court's decision in Tax Analysts," focuses on congressional intent. Rojas., 941 F.3d at
2  409. This primary inquiry contradicts the Supreme Court's clear mandate that "the definition of
3  'agency records' *may not* turn 'on the intent of the creator' because '[s]uch a mens rea
4  requirement is nowhere to be found in the Act.'" Id. at 408 (emphasis added) (quoting Tax
5  Analysts, 492 U.S. 136 at 147).

6  　　　Notwithstanding NSA's attempts to distinguish those cases because the documents here
7  were created by a congressional committee, (see Opp. at 3-6), nothing in Tax Analysts suggests
8  that the test should be different for records created by Congress as opposed to another entity.
9  Indeed, the only case cited by NSA that involves Congress, United We Stand Am., Inc. v. IRS,
10 359 F.3d 595 (D.C. Cir. 2004), invokes the incorrect standard but does nothing to advance its
11 arguments here. (See Opp. at 5.) United We Stand involved documents created by an agency—
12 pursuant to a request by Congress—which were transferred to Congress with markers indicating
13 that they were congressional records that could not be released elsewhere. 359 F.3d at 600-01.
14 Consistent with that limitation, the IRS affirmed that it "had not used these records for any
15 purpose other than ... to respond to the Joint Committee's April 28, 1997 request,' and that they
16 were kept in a Joint Committee correspondence file 'separate from the office's ordinary files.'"
17 Id. at 598. Even still, the court held that not all of those files could be withheld, as IRS still
18 "retain[ed] the 'ability to use and dispose of' any portions of its response that would not reveal
19 the Joint Committee's request." See id. at 602. Therefore, even when the D.C. Circuit applied
20 its erroneous test that considers the creator's intent, its decision still relied on the agency's ability
21 to use the documents—as mandated by the Supreme Court in Tax Analysts. Because the Ninth
22 Circuit has already declined to adopt NSA's proffered test and its improper focus on the creator's
23 intent, this Court should therefore follow this precedent in evaluating whether the HAC Report is
24 an agency record.

25 　　　As set forth in Ms. Kinnucan's cross-motion, (see Kinnucan Br. at 6-10), application of
26 the Tax Analysts test requires that the Court determine whether NSA "create[d] or obtain[ed]"
27 the HAC Report and whether NSA is "in control of the requested materials at the time the FOIA
28

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 request is made." Rojas, 941 F.3d at 407 (quoting Tax Analysts, 492 U.S. at 144–45). Both conditions are met here.

*First*, the Court previously found that NSA lawfully obtained the HAC Report from Congress in 1968. See Kinnucan v. Nat'l Sec. Agency, 2021 WL 6125809, at *2 (W.D. Wash. Dec. 28, 2021). NSA does not dispute this finding in its submissions. (See Dkt. No. 86 ("DeMillio Decl.") ¶ 24.) Accordingly, this prong is met.

*Second*, NSA has not met its burden to show that it was *not* in control of the HAC Report at the time Ms. Kinnucan requested the document, i.e. that it did not possess and use the HAC Report for agency purposes. As the Ninth Circuit explained in Rojas, the Supreme Court has "defined 'control' to mean 'that the materials have come into the agency's possession in the legitimate conduct of its official duties,' or 'in connection with the transaction of public business.'" 941 F.3d at 408 (quoting Tax Analysts, 492 U.S. at 145). Evidence of control can be gleaned from "the agency's use of documents (including its system for preserving, retrieving, or disposing of the documents, and *any* reliance on the documents by agency employees)." Id. at 409 (emphasis added).

NSA mischaracterizes Ms. Kinnucan's argument as "present[ing] 'control' as a false choice between using a document for agency purposes or using it for purely personal reasons.: (Opp. at 3.) On the contrary, the test for control is a spectrum, not a dichotomy. Ms. Kinnucan does not purport that Congress would necessarily lose control over a document every time it releases it to an agency. Rather, the proper question is whether the agency has provided evidence establishing that it does not control the document because it has not or could not use it as part of its official conduct. It would be theoretically possible for Congress to release a document to an agency without the agency exercising control over the document, like if the document is "unrelated to agency business," Rojas, 941 F.3d at 409, the agency retains a copy "for internal reference purposes only," Goland v. CIA, 607 F.2d 339, 347 (D.C. Cir. 1978), or the agency was asked to review the documents as part of briefing Congress, see United We Stand, 359 F.3d at 600. But the focus of the inquiry is how the agency uses the record or any

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

limitations on that use that accompany its transfer—not the subjective intent of some congressional body who released it.

NSA continues to rely solely on the fact that the HAC Report has a banner stating "NOT FOR RELEASE UNLESS AND UNTIL AUTHORIZED BY COMMITTEE." (Opp. at 12.) As Ms. Kinnucan has explained, the very fact that NSA possesses the Report demonstrates that the committee *did* authorize its release. (Kinnucan Br. at 8.) This is not to say that NSA's possession of the HAC Report by itself establishes that the Report is an agency record. But, rather, that the committee's transfer of the Report to NSA's lawful possession means—absent NSA providing any evidence to the contrary—such an "authoriz[ation]" must have occurred without any further limitations like those in Goland. Thus, while it is true as a general matter that "Congress may share congressional oversight documents with an agency while preserving for itself the authority to control further distribution," (Opp. at 9), NSA has not met its burden of showing that Congress did so here or that NSA was not free to use the HAC Report for official purposes as it pleased.[1]  See Kamman v. IRS, 56 F.3d 46, 49 (9th Cir. 1995) (reversing dismissal and granting summary judgment for the requestor "because the government failed to meet its burden" with evidence to substantiate with holding).

To the contrary, NSA's unrestricted possession and use of the HAC Report establish that it controls the Report. Indeed, all evidence supplied by NSA demonstrates that NSA used the HAC Report as part of its official duties. As Ms. Kinnucan detailed in her motion, NSA internally stored the HAC Report in the NSA History Collection; relied on, quoted, and cited

---

[1] NSA's arguments regarding the "manifest purpose" of the banner also miss the mark. (See Opp. at 9.) The relevant inquiry is not whether Congress released the Report with the intent that NSA would release it to the public thereafter. Tax Analysts, 492 U.S. at 147 (the "control inquiry focuses on an agency's possession of the requested materials, not on its power to alter the content of the materials it receives"). Instead, the question is whether Congress released the Report to NSA for *its* use, which turned the Report into an "agency record" subject to FOIA. In other words, while Congress arguably has authority to keep its internal records shielded from the public, it loses control over those documents' dissemination when it chooses to give them to agencies to conduct public business because it is the agency's actions that must be "open … to the light of public scrutiny." Id. at 142; see also id. ("Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'") (quoting NLRB v. Robbins Tire & Rubber Co., 437 U. S. 214, 242 (1978)).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

portions of the HAC Report in an NSA report that was subsequently declassified and publicly disseminated; and distributed to the NSA Director and others within NSA—with no evidence of any restrictions by Congress. (Kinnucan Br. at 8–9.) All of these undisputed facts demonstrate that the HAC Report was used in connection with "the agency's 'transaction of public business,'" and was therefore in NSA's control at the time of Ms. Kinnucan's requests. See Rojas, 941 F.3d at 409 (quoting Tax Analysts, 492 U.S. at 145); see also Huddleston v. FBI, 2023 WL 8235243, at *10 (E.D. Tex. 2023) (finding documents to be agency records because "although the FBI may not have absolute control of items, it possesses the ability to use the items … for purposes related to the FBI's transaction of public business"). Accordingly, NSA has failed to carry its heavy burden to show that the HAC Report is not an "agency record" that must be disclosed under FOIA.

**B.     NSA Has Failed to Meet Its Burden to Prove that the HAC Report Is Not an Agency Record Under the D.C. Circuit's Expanded Test**

NSA's argument under the D.C. Circuit test fares no better. This test focuses on "whether Congress manifested a clear intent to control the document" when the document is transferred to an agency. ACLU v. CIA, 823 F.3d 655, 662-63 (2016) (quoting Jud. Watch, Inc. v. Secret Serv., 726 F.3d 208, 221 (D.C. Cir. 2013)). The inquiry includes considerations such as the "circumstances attending the document's generation and the conditions attached to its possession." Id. (quoting Goland, 607 F.2d at 347). But in general, this test does not change the fact that "the circuits agree that Congress' intent is best realized by interpretations of FOIA that favor disclosure over secrecy." TPS, Inc. v. Dep't of Def., 330 F.3d 1191, 1196 (9th Cir. 2003).

NSA does not offer anything new in its Opposition. It mainly recycles its argument that the "Not for release" banner is of legal import by claiming that this language "clearly and unambiguously" shows congressional intent to retain control over the Report. (Opp. at 8.) Again, this one marking cannot satisfy NSA's burden in light of the fact that the HAC Report *was* authorized to be released and transferred based on NSA's request. The banner merely suggests that copies could not be released to agencies or others until initially authorized by the committee itself, not that it can never be released at all. Otherwise, Congress (or even an agency

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

employee) could simply disavow that a document is an agency record, regardless of whether the agency relied on it every day for a multitude of purposes.

On this point, NSA repeats that "Congress has never publicly released the HAC Report" (Opp. at 8 (citing DeMillio Decl. ¶¶ 25–27)), ignoring that the proper inquiry under the D.C. Circuit's framework relates to congressional intent *during* the transfer *to the agency*, not to the public at large.[2]  NSA also speculates that the "purpose of the banner is to preserve the committee's ability to decide who can and cannot access the report," and suggests that "agencies use[] … documents for various purposes" even while Congress retains control over the documents.  (Id. at 9–10.)  This may or may not be true, but the point is that NSA has not provided or pointed to any other facts to support these conclusory assertions, and so cannot meet its burden to justify withholding the document.  At the very least, the meaning of the "Not for release" banner presents a potential factual dispute about Congress's intent during the transfer, which NSA has not supported with any other evidence establishing the committee's intentions in limiting NSA's use thereafter.

As Ms. Kinnucan previously argued, Goland does not decide this case.  Here, there are none of the indicia of congressional intent that the D.C. Circuit found significant, like the fact that the committee met in executive session, swore the stenographer to secrecy, and marked the transcript "Secret."  (Kinnucan Br. at 12.)  NSA also misapprehends Ms. Kinnucan's argument regarding Congress's oversight role, which the court discussed in Goland.  See 607 F.2d at 346.  Ms. Kinnucan does not dispute that congressional oversight can include agency operations as well as agency spending (see Opp. at 10), but her point was that reliance on Congress's oversight role as a rationale for withholding a public record would swallow FOIA's purpose.  For if NSA's position were correct, essentially any document created by the House Appropriations Committee

---

[2] NSA also mentions that the committee "declined to relinquish its control of the HAC report" when asked by NSA (Opp. at 8), but this Court found that the committee's recent refusals to authorize disclosure of the Report constituted impermissible "post-hoc objections to disclosure." Kinnucan, 2021 WL 6125809, at *6.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

would constitute "oversight" and thus give the committee an excuse to shield the document from public scrutiny—regardless of whether the document is used by the agency for its purposes.

NSA also tries to downplay the import of the newly produced documents showing NSA's internal transfers, arguing that "it is of no consequence that NSA's internal routing slip and memorandum did not reference the [Not for release] banner's restriction."  (Opp. at 11.)  To the contrary, this evidence suggests that NSA did not believe there were any limitations on its transfer or use—i.e. that Congress no longer exercised control over the Report.  For if NSA truly believed that it did not control the document, it would have noted that limitation or restricted access on its use and dissemination.  But it did none of those things.  Instead, the only evidence provided by NSA shows no such restrictions, and that it believed it could use the Report as part of its duties—including by releasing information from the Report to the public.  Because NSA has not established that the banner's admonition somehow applied after the committee authorized the Report's release to NSA, or that there were any contemporaneous limitations that accompanied the Report at the time of the transfer, NSA has also failed to meet its burden under the D.C. Circuit test and summary judgment should be granted in Ms. Kinnucan's favor.

### III.   CONCLUSION

For the reasons set forth above and in her motion for summary judgment, Ms. Kinnucan respectfully respects the Court enter summary judgment in her favor and order that the HAC Report is an "agency record" that must be produced under FOIA.

DATED this 10th day of October, 2024.

DAVIS WRIGHT TREMAINE LLP

*I certify that this memorandum contains 2702 words, in compliance with the Local Civil Rules.*

By s/ *Caesar Kalinowski IV*
    Caesar Kalinowski IV, WSBA #52650
    920 5th Avenue, Suite 3300
    Seattle, WA  98104
    Telephone: (206) 622-3150
    E-mail: caesarkalinowski@dwt.com

Thomas R. Burke (*pro hac vice*)
50 California Street, Suite 2300

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 7
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

San Francisco, CA  94111
Telephone: (415) 276-6500
E-mail: thomasburke@dwt.com

Marietta Catsambas (*pro hac vice*)
1301 K Street NW, Suite 500
Washington, D.C.  20005
Telephone: (202) 973-4200
E-mail: mariettacatsambas@dwt.com

*Attorneys for Plaintiff Michelle J. Kinnucan*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8
(No. 2:20-cv-1309 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 10th day of October, 2024.

By s/ *Caesar Kalinowski IV*
Caesar Kalinowski IV, WSBA #52650

CERTIFICATE OF SERVICE - 9